ROBERT D. SARRIO *v.* RELIABLE CONTRACTING COMPANY, INC.

[No. 197, September Term, 1971.]

*Decided January 24, 1972.*

The cause was argued before MORTON, CARTER and GILBERT, JJ.

Submitted on brief by *Aaron M. Levine, Thomas J. Scanlon* and *Levine & Scanlon* for appellant.

*John A. Buchanan,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This case arises out of an action instituted by the appellant in the Circuit Court for Prince George's County to recover damages for personal injuries he sustained when the motorcycle he was operating collided with barricades alleged to have been improperly placed on the traveled portion of a highway by the appellee. The jury returned a verdict in favor of the appellee.

The case reaches us on an agreed statement of facts. Whether the presiding judge erred in admitting into evidence those portions of the hospital records containing notations relating to appellant's sobriety shortly after his admission to the hospital is the single issue presented.

The agreed statement of facts provides, in part, as follows: "The injured Appellant was first seen in the Emergency Room of the hospital where the diagnosis was that the Appellant had a fractured right leg, a shoulder separation and a cerebral concussion. In the Emergency Room his right leg was placed in a cast; after this, a history and physical were taken by an intern who noted in the record that the Appellant was drunk and had been drinking. Elsewhere in the hospital records were other notations that the Appellant was drunk and had alcoholic breath."

The appellant concedes that the hospital records offered into evidence in the trial below were made in the regular course of business and that it was the regular course of the hospital's business to make such records. He contends, however, that the notations therein relating to his condition of sobriety should have been excised since they were not "pathologically germane" to the physical condition which caused the patient to go to the hospital initially.

It is well established in this State that proper hospital records are admissible into evidence as records made in the regular course of business. Md. Code, Art. 35, § 59; *Yellow Cab Co. v. Hicks*, 224 Md. 563; *Old v. Cooney Detective Agency*, 215 Md. 517; *Bethlehem-Sparrows Point Shipyard v. Scherpenisse*, 187 Md. 375. See also Powell, *Hospital Records in Evidence*, 21 Md.L.R. 22. However, it does not follow that the record as a whole is invariably admissible. As stated by the Court of Appeals in *Yellow Cab Co.* at 570: "This Court has adhered to the rule that statements in a hospital record must be 'pathologically germane' to the physical condition which caused the patient to go to the hospital in the first place. *Lee v. Housing Authority of Baltimore*, 203 Md. 453, 101 A. 2d 832 (1954); *Shirks Motor Express v. Oxenham*, 204 Md. 626, 106 A. 2d 46 (1954). A 'pathologically germane' statement 'must fall within the broad range of facts which under hospital practice are considered rele-

vant to the diagnosis or treatment of the patient's condition'. McCormick, *Evidence*, Ch. 32, § 290."

Appellant argues that "whether or not the appellant was drunk had nothing to do with his diagnosis or treatment." While the precise issue raised by appellant does not appear to have been passed upon by the appellate courts of this State, we think it is clear, as a factual matter, that whether appellant was drunk or under the influence of alcoholic beverages at the time of his admission to the hospital was entirely relevant to the treatment of his condition as a patient in the hospital. He had been involved in a serious accident from which he sustained injuries diagnosed as a fractured right leg, a shoulder separation and a cerebral concussion. Patently, the course of treatment to be accorded him could be influenced or acutely affected by his condition of intoxication. The notation could only have been intended to alert the treating physicians to a discernible condition of the patient which may not subsequently have been apparent but still could have had harmful residual effects ultimately. Not to have recorded such an observation would conceivably have constituted a dereliction of duty on the part of the intern. Certainly, the failure to have made the recordation would have rendered a disservice to the appellant as a patient in the hospital.

The cases in other jurisdictions where the issue here presented has been raised are collected and analyzed in Annot. 38 A.L.R.2d 778 (1954), *Admissibility of Hospital Record Relating to Intoxication or Sobriety of Patient.*

We cannot agree with appellant's additional assertion that because the hospital record was silent as to his condition of sobriety while in the "emergency room", the notation after his admission to the hospital proper "had absolutely no bearing on the diagnosis made or the treatment given." The notation as to appellant's condition of intoxication was made when the "history and physical were taken by an intern." This was a normal and logical

time to record such observations in the records and, as we have indicated, could have had a bearing on his future treatment.

Nor can we subscribe to the argument that the notations were inadmissible because "although this intern conducted a complete physical examination, nowhere in his recordation of same does he note any physical or objective fact as to intoxication, either in medical or scientific terminology." The meaning of the terms "drunk" and "had been drinking" is well recognized by both lay and professional individuals and we can see no necessity to employ medical or scientific terminology to make the notations admissible. Nor do we think they were made inadmissible by the omission of descriptive physical characteristics of appellant to support the intern's professional observation of appellant.

We think the notations were pathologically germane and " 'fall within the broad range of facts which under hospital practice are considered relevant to the diagnosis or treatment of the patient's condition'." *Yellow Cab Co., supra* 570.

Appellant also argues that "opinions are not to be considered as admissible in records introduced under the pertinent statute", citing *West v. Fidelity Baltimore National Bank,* 219 Md. 258 and *Honick v. Walden,* 10 Md. App. 714. We think his reliance upon these cases is misplaced.

The *West* case simply held that the trial court properly excluded entries made by nurses "concerning the mental condition of the testator as distinguished from *the facts concerning his physical condition which they were allowed to state.*" The Court went on to say that "the statute did not modify or alter the rule which forbids an expression of opinion by a person who is not competent to express an opinion."

In *Honick* this Court held that notations made in a police report "which are within the personal observation of the investigating officer are admissible under the busi-

ness record statute, Md. Code, Art. 35, Sec. 59. *Levine v. Beebe,* 238 Md. 365 (1965). Items based on hearsay and conclusions of the officer, however, are inadmissible. *Holloway v. Eich,* 255 Md. 591 (1969)." We went on to hold, however, that a notation in a hospital record that the patient "had been stabbed" was admissible.

Nor do we think the appellant's reliance upon *New York Life Ins. Co. v. Taylor,* 79 U. S. App. D.C. 66, is well placed. There, the court was construing the Federal Shop Book Rule and excluded a psychiatric diagnosis which appeared in the hospital records. We have no occasion here to express agreement or disagreement with that holding for it is obvious that a notation concerning a patient's state of sobriety, on the one hand, and notations of "complicated medical and psychiatric diagnosis", on the other, are not factually comparable. It is to be noted, however, as the appellee points out, that the opinion filed by that court after the case had been reargued, stated: "Regularly recorded facts as to the patient's condition or treatment on which the observations of competent physicians would not differ are of the same character as records of sales or payrolls. Thus, a routine examination of a patient on admission to a hospital stating that he had no external injuries is admissible. An observation that there was a deviation of the nasal septum is admissible. Likewise, *an observation that the patient was well under the influence of alcohol.* But the records before us here are not of that character. The diagnosis of a psychoneurotic state involves conjecture and opinion."

We think the rationale of the holding in *D'Amato v. Johnston* (Conn. 1953) 97 A. 2d 893 is entirely apposite here. There the hospital records contained several notations regarding the patient's intoxicated condition following an accident. After referring to Connecticut's business records statute, which substantially conforms to our statute, the court stated:

"The making of a diagnosis certainly involves

the formulation of an expert opinion, and yet we have said that the entry in a hospital record setting forth the diagnosis of a patient's illness is an entry which is admissible. * * * Moreover, under our law the statement that a person is intoxicated is not so much the expression of an opinion as it is the statement of a conclusion drawn from observation. 'The condition of intoxication and its common accompaniments are a matter of general knowledge.' * * * The entries in the hospital record in the present case to the effect that D'Amato was intoxicated were not inadmissible on the ground that they were records of the entrant's opinion."

Finally, appellant argues that it was not the function of the intern "to either diagnose or render treatment." We are not clear what relevancy this argument has since we cannot subscribe to the suggestion that the notation made by the intern here as to appellant's condition of sobriety constituted the making of a medical diagnosis. While the record before us does not indicate the official status of the intern in the hospital, the provisions of Md. Code, Art. 43, § 122 b 1 do provide that an intern may practice medicine under conditions set down by the State Board of Medical Examiners. But whatever his official status with the hospital, we think he was entirely competent to make the observation and notation entered in the hospital records.

Thus, we are of the opinion that the notations with reference to appellant's condition of sobriety were made in the regular course of the hospital's business by competent entrants and were pathologically germane. Accordingly, the lower court did not err in refusing to excise the notations from the hospital records introduced into evidence.

*Judgment affirmed.*
*Appellant to pay the costs.*