[No. 7543–8–I.   Division One.   May 27, 1980.]

WILLIAM R. JORDAN, *Appellant,* v. MAYNARD H. BERKEY, ET AL, *Respondents.*

*Edwin S. Stone,* for appellant.

*Phil Talmadge* and *Karr, Tuttle, Koch, Campbell, Mawer & Morrow,* for respondents.

WILLIAMS, J.—William R. Jordan brought this action against Maynard H. Berkey for damages for injuries sustained in an automobile accident. Following a trial to the court with a jury, a judgment of $2,500 was entered in favor of Jordan who appeals.

Prior to the trial, Jordan moved for an order in limine excluding among other things "[t]he mention of alcohol or any activity related to the use of alcohol or an alcoholic beverage by the Plaintiff."

The court's attention on the suppression of Jordan's use of alcohol was first called to the issue of liability. Because liability was admitted, the court decided that evidence of Jordan's use of alcohol was not relevant. The court then heard counsel upon the question of whether Jordan's use of alcohol would be relevant to the assessment of his injuries. After initially deciding that it would not be relevant, the court observed as follows:

> THE COURT: I don't see that it's relevant to any issue. He either had a broken arm at the time of the accident or he didn't, isn't that right? He could still have a broken arm six months later.
>
> MR. PRICE: I guess I'm impeaching his character basically.
>
> THE COURT: You can't do that.
>
> MR. PRICE: Through alcoholism.
>
> THE COURT: No. That will have to be excluded.

After further discussion with counsel, particularly upon the relevancy of information in the medical records, the court said:

THE COURT: Well, if it's relevant it will come in, but now I don't see how it gets to be relevant.

Jordan also sought to exclude testimony relating to "the use of guns, the ownership of guns by the Plaintiff." The court granted the motion as to this aspect of the case if Jordan did not claim headaches arising from the accident.

During the trial, Jordan testified at considerable length upon various injuries he sustained in the accident. He complained of soreness in his left shoulder, neck, hip, knee, and back, pain in his left side, left arm, left ankle, and severe pain in his head. The medical records were admitted into evidence with counsel to be afforded an opportunity to move for deletion of irrelevant parts. When Jordan's counsel moved to delete all references to alcohol, the court denied the motion, saying that:

THE COURT: The motion to delete from Plaintiff's Exhibit 8, the plaintiff's motion to delete items from Plaintiff's Exhibit 8, is denied, the reason being that liability in this case has been admitted. Therefore, the evidence of the alcoholism has nothing to do with the liability for the accident, but it does relate to the general physical condition of the plaintiff, which is what this suit is all about, so it's denied.

The court also ruled that Jordan's use of alcohol could be mentioned in argument "if it's relevant to his physical condition in relation to the determination of damages, and for no other reason."

■ Although adherence to a pretrial order is generally helpful to the promotion of the orderly conduct of a trial, it must be remembered that the order is interlocutory in character and will be modified or abandoned according to the demands of justice. At the time of the hearing on the motion in limine, the court had not been apprised of the nature of Jordan's multiple claims and was not then in a

position to rule definitively upon the admissibility of evidence of Jordan's use of alcohol except, of course, on the question of liability. *See Fenimore v. Donald M. Drake Constr. Co.*, 87 Wn.2d 85, 549 P.2d 483 (1976).

Moreover, the "order" was not as definite as Jordan asserts. Primarily, the court was confronted with an admission of liability. The court deferred ruling upon the question as it might pertain to damages. When that time came, when the evidence was in, the court ruled Jordan's use of alcohol was admissible for the purpose of assessing his physical condition. The court did not err. *Sarrio v. Reliable Contracting Co.*, 14 Md. App. 99, 286 A.2d 183 (1972); *D'Amato v. Johnston*, 140 Conn. 54, 97 A.2d 893 (1953).

Jordan also contends that the trial court erred in refusing to delete references to guns in the medical records. The court granted the motion in limine in so far as Jordan did not claim headaches as a consequence of the accident. Jordan did so; there was no error.

Jordan's final contention is that the trial court erred in awarding Berkey costs for certain fees. Prior to trial, Berkey made an offer of judgment for $5,000 pursuant to CR 68. Although Berkey is entitled to costs because his offer exceeded the judgment actually awarded, the costs awarded are limited to those prescribed in RCW 4.84.030 and RCW 4.84.080. *Sims v. KIRO, Inc.*, 20 Wn. App. 229, 580 P.2d 642 (1978). In this case, the trial court erred in awarding Berkey costs for expert witness fees which are not allowed under RCW 4.84; the remainder of the award was proper.

The judgment for costs is reversed and remanded to the trial court. In all other respects, the judgment is affirmed.

CALLOW, C.J., concurs.

RINGOLD, J. (concurring)—I concur in the result.

Whether evidence is relevant is within the discretion of the trial court. There are no precise rules. Each case

depends upon its own circumstances and the relation of such facts to the ultimate issue.

". . . All facts are admissible in evidence which afford reasonable inferences or throw any light upon the contested matter. Relevancy means the logical relation between proposed evidence and the fact to be established. . . ." *Keisel v. Bredick,* 192 Wash. 665, 74 P.(2d) 473.

*Chase v. Beard,* 55 Wn.2d 58, 61, 346 P.2d 315 (1959); 5 R. Meisenholder, Wash. Prac., *Evidence Law and Practice,* at 2 (1965).

The trial court did not abuse its discretion in considering the relevancy and admissibility of the evidence to which objection is made.