**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85080-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THOMAS OSCAR CADY, | |
| Appellant. | |

FELDMAN, J. — Thomas Cady was charged with and convicted of second degree burglary after he broke into a used car dealership. On appeal, Cady argues we should reverse his conviction and remand for a new trial because the trial court (a) erroneously admitted physical evidence that the State did not disclose as trial exhibits and (b) violated his due process rights by consulting with other judges in determining whether to admit the evidence without allowing Cady to cross examine those other judges. We affirm.

I

On the night of April 4, 2020, Natalie Wilde was watching the live video feed from the surveillance cameras at a car dealership she owned and saw a man carrying a flashlight climb through a window and use a tool to break into a file cabinet in her office. Wilde called 911, and officers promptly arrived at the scene, where they encountered Cady. The officers apprehended Cady and found three car keys on his person as well as

a flashlight and crowbar on the ground where they first spotted him. The State charged Cady with second degree burglary.

Concerned about the likely amount and content of body cam footage from the responding officers, Cady filed a pretrial motion (designated Motion in Limine No. 5) requesting the following relief:

> The Defense seeks disclosure of specific exhibits sought to be introduced in order to limit objections which may prove unnecessary and to promote judicial efficiency during the trial by prior agreement of exhibits. The Defense seeks exclusion of any evidence which is irrelevant, cumulative or overly prejudicial as well as any potential demonstrative exhibits which may mischaracterize the law or the evidence under ER 401, 402, and 403. Defense reserves the right to provide additional argument and objections upon notice of any intended exhibits.

At oral argument, Cady's counsel confirmed that his "specific concern is largely the body cam video," which he argued contained statements by the responding officers that were irrelevant and prejudicial.

The State did not oppose Cady's motion. The prosecutor confirmed that "[a]ny exhibits that we will be using would be in discovery" and then agreed, in response to defense counsel's concerns, that the State would provide the specific portions of the body cam footage that would be used at trial to defense counsel prior to trial. After the parties and trial court agreed on a date by which the State would provide the video excerpts to Cady's counsel, the trial court ruled, "that motion is granted with the specific instructions I've given."

On the second day of trial, after multiple officers had testified about recovering the car keys, flashlight, and crowbar from the crime scene, Cady's counsel learned that the State intended to introduce these physical items into evidence. Cady's counsel moved to exclude this evidence because "[t]he State did not disclose that they intended to

2

introduce any physical evidence that was recovered at the scene at trial." The prosecutor responded that the items had been "timely disclosed in discovery" in accordance with the trial court's ruling granting Cady's Motion in Limine No. 5. The prosecutor also emphasized that Cady's motion did not directly apply to these items of evidence and instead "was catered towards knowing exactly what time frames would be elicited in the body-worn videos because of the extent of the evidence."

The trial court initially indicated it would grant Cady's motion to exclude the car keys, flashlight, and crowbar. Following a recess, during which the trial court consulted with two other superior court judges, the court told the parties, "I want to gather a little more information before making a final decision." In response to questioning from the court, the State confirmed that it sent discovery to Cady in May 2020 that included a police report stating the car keys, flashlight, and crowbar recovered from the crime scene were "admitted into the evidence locker," and Cady's lawyers admitted to receiving the discovery.

The court then denied Cady's motion to exclude the physical evidence. The court explained, "if the physical evidence has been disclosed in evidence, . . . unless there is something surprising or []new about it, that is considered to be sufficient disclosure." Specifically addressing Cady's argument regarding prejudice, the court also ruled:

> I don't find that there has been prejudice here. I think -- consistent with what the practice of the criminal bar is in this regard, I think this was -- the existence of this physical evidence was disclosed. In that sense, it should not have been a surprise.

Lastly, the court added: "to the extent the prejudice is to your closing argument, as it happens, you're going to have additional time to work on revising that, so I am going to allow the evidence in."

3

The State introduced the car keys, flashlight, and crowbar through its next witness, and the trial court admitted them over Cady's prior objection. Cady was convicted as charged and sentenced to a low-end standard range sentence of 51 months. Cady appeals.

## II

### A.  Admission of physical evidence

Cady argues the trial court erred by admitting the car keys, flashlight, and crowbar into evidence after concluding the State had not violated the pretrial ruling granting Cady's Motion in Limine No. 5. We disagree.

The interpretation of the terms of a court order is a question of law that we review de novo. *In re Marriage of Thompson*, 97 Wn. App. 873, 877-78, 988 P.2d 499 (1999). If the order is ambiguous, we "seek[] to ascertain the intention of the court that entered it by using the general rules of construction applicable to statutes and contracts." *Id.* Further, we review a trial court's rulings on a motion in limine or the admissibility of evidence for an abuse of discretion, which occurs when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). The record on appeal does not indicate that the trial court below issued a written order on Cady's Motion in Limine No. 5. Thus, we must discern the meaning and effect of the trial court's pretrial ruling from the language of the motion itself and the court's oral ruling. *See Copper Creek Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 724, 532 P.3d 601 (2023).

As noted above, Cady's motion requested an order requiring "disclosure of specific exhibits sought to be introduced." "Disclose" means "to make known **:** open up to general

4

knowledge . . . to reveal in words." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 645 (1981). In response to Cady's motion, the State similarly stated, "Any exhibits that we will be using would be in discovery." Then, after the parties agreed on a specific date to disclose excerpts of the body cam footage, the trial court granted Cady's motion "with the specific instructions I've given." Interpreting its pretrial ruling, the trial court correctly concluded "if the physical evidence has been disclosed in evidence . . . that is considered to be sufficient disclosure." It is equally clear that the State complied with the trial court's pretrial ruling by providing discovery that disclosed—and thus made known to Cady's counsel—a police report stating the car keys, flashlight, and crowbar recovered from the crime scene were "admitted into the evidence locker." On this record, the trial court did not abuse its discretion in admitting these items into evidence after concluding the State had not violated the court's pretrial ruling.

Notwithstanding the foregoing analysis, Cady argues the trial court's pretrial ruling required the State to supply Cady with a list of exhibits it would be seeking to introduce at trial and, as a result, prohibited the State from introducing evidence not included on such a list. But Cady's Motion in Limine No. 5 did not ask for an exhibit list, nor did the trial court's ruling require the State to produce such a list. Rather, as discussed above, the motion and resulting ruling required only the "disclosure of specific exhibits sought to be introduced," which occurred here. As noted, Cady also indicated at the pretrial hearing that his "specific concern is largely the body cam video." If Cady wanted the trial court to order the State to provide a detailed exhibit list prior to trial that included all physical evidence (in addition to specific excerpts of body cam footage), his pretrial motion should have so stated. It did not.

Cady also cites to cases that analyze whether a trial court's ruling on a motion in limine conflicted with a rule of evidence or court rule, but this reliance is misplaced. *See State v. Foxhoven*, 161 Wn.2d 168, 179, 163 P.3d 786 (2007) (trial court abused its discretion in ruling that evidence was admissible under common scheme or plan exception to ER 404(b)); *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001) (trial court abused its discretion in admitting a lab report without an accompanying certificate that strictly complied with CrR 6.13(b)(1)). Cady did not file a motion in limine to exclude the car keys, flashlight, and crowbar, nor has he identified any legal basis upon which this evidence should have been excluded other than the State's alleged violation of Motion in Limine No. 5. Absent such evidentiary error, *Foxhoven* and *Neal* are inapposite.

Lastly, even if the trial court's decision to admit this evidence was erroneous, the error was harmless. Where, as here, the claimed evidentiary error is not of constitutional magnitude, we will reverse only if the defendant can show "within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred." *State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997) (quoting *State v. Tharp*, 96 Wn.2d 591, 599, 637 P.2d 961 (1981)). The improper admission of evidence is harmless if it "is of minor significance in reference to the overall, overwhelming evidence as a whole." *Id.* Here, the physical car keys, flashlight, and crowbar were of minor significance in reference to the overall, overwhelming evidence as a whole, which included extensive testimony regarding that evidence. As the trial court noted, the car keys, flashlight, and crowbar themselves had "limited probative value" given the other evidence already presented to the jury showing that Cady had possessed these items on the night of the burglary. Thus, even if Cady could establish that the trial court erroneously

admitted physical evidence that the State did not disclose as trial exhibits, he fails to show, as he must, that the outcome of the trial would have been different had the alleged error not occurred.[1]

## B. Due process violation

Cady also argues the trial court violated his due process rights by consulting with other trial court judges before denying his motion to exclude the car keys, flashlight, and crowbar because "the court relied on information from outside the record that was not subject to scrutiny by cross examination and for which [Cady] was not provided the opportunity to rebut." In response, the State argues we should refuse to address this argument because it was not raised below. We agree with the State.

Under RAP 2.5(a), we may refuse to review a claim of error which was not raised in the trial court. Cady did not raise his due process argument below, and he makes no attempt to argue on appeal that the alleged violation of his due process rights is "manifest error" such that we should review it under RAP 2.5(a)(3). Nor does Cady cite any authority supporting this supposed right to cross-examination, so we may properly

---

[1] Moreover, even if the trial court somehow altered its pretrial ruling after consulting with other judges, we have previously recognized that pretrial orders on the admission of evidence are "interlocutory in character and will be modified or abandoned according to the demands of justice." *Jordan v. Berkey*, 26 Wn. App. 242, 244, 611 P.2d 1382 (1980); *see also Morris v. Int'l Yogurt Co.*, 41 Wn. App. 226, 230-31, 703 P.2d 318 (1985), *aff'd in part, rev'd in part*, 107 Wn.2d 314, 729 P.2d 33 (1986) ("Slavish obedience to the pretrial order is not required. It may be modified or abandoned as the interests of justice require."). Although Cady claims he was prejudiced by the court's decision to admit the physical evidence because his lawyers crafted their "defense strategy, including opening statements, cross examination of prosecution witnesses, and closing argument" based on their belief that the court's pretrial ruling prohibited the State from introducing the car keys, flashlight, and crowbar into evidence, the record belies this assertion. Before the trial court overruled Cady's objection, Cady had already cross examined two of the State's witnesses regarding that physical evidence. Cady also was able to cross examine the witness through whom the State ultimately admitted the physical evidence and modify his closing argument to address the physical evidence and seek to undermine its evidentiary significance. Although Cady claims that the sudden introduction of this physical evidence "impacted whether [he] would testify, which he ultimately did not," he fails to convincingly explain why he would change his mind about testifying after this evidence was admitted, particularly when multiple witnesses had already testified about the existence of the car keys, flashlight, and crowbar.

assume that no such case exists. *See Seattle Bulk Shipping, Inc. v. Dep't of Labor & Indus.*, 25 Wn. App. 2d 762, 778, 524 P.3d 733 (2023) ("Where no authorities are cited in support of a proposition, we are not required to search out authorities but may assume that counsel, after a diligent search, has found none.").[2]  There being no manifest error affecting a constitutional right, Cady's due process argument is waived.

Affirmed.

WE CONCUR:

Feldman, J.

Smith, C.J.

Dwyer, J.

---

[2] Notably, the Washington Code of Judicial Conduct permits a judge to "consult with . . . other judges" about a pending matter provided that the judge "makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter." CJC 2.9(A)(3).  Here, when the trial court explained its ruling that the physical evidence would be admitted, it provided Cady with an opportunity to rebut the court's reasoning, which Cady attempted to do.  On this record, Cady fails to establish a manifest error affecting a constitutional right.