460 P.2d 441

**PHOENIX OF HARTFORD, INC., an Insurance Company, Appellant,**

v.

**HARMONY RESTAURANTS, INC., an Arizona Corporation, Appellee.**

**No. 1 CA–CIV 3184.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 13, 1977.

Rehearing Denied Feb. 10, 1977.

Burch, Cracchiolo, Levie, Guyer & Weyl by John F. Day, Phoenix, for appellant.

Bradshaw & Benesch by H. Stewart Bradshaw, Yuma, for appellee.

OPINION

SCHROEDER, Presiding Judge.

The sole issue in this appeal is the validity of service of process on a former agent

of the appellant foreign insurance corporation. The appeal is from the trial court's order refusing to set aside the default judgment entered against appellant, and holding service to have been proper.

The substance of the trial court's reasoning was that the general provisions of Rule 4(d) providing for service of summons on agents of corporations superseded the specific provisions of our Insurance Code requiring service of process on foreign insurance companies to be made exclusively upon the director of insurance. The trial court also held that under agency principles of apparent authority, the agency relationship continued to exist for purposes of service of process under the Rules of Civil Procedure.

■ We find it unnecessary to determine the latter agency question, for in our view the applicable requirement for service is that set forth in the Insurance Code, A.R.S. § 20–221, and that service on an agent rather than the director of insurance was improper. We, therefore, reverse the trial court's decision.

A.R.S. § 20–221(B) makes a clear distinction between the manner in which service of process is to be effected against a foreign insurance company as opposed to a domestic insurer.[1] With respect to a foreign insurance company, the statute categorically requires that service be made "only by service of process upon the director."[2] Appointment of the director to receive service is required of all authorized insurers in the state. There is no doubt in this case that the appellee could have served the director but did not do so.

■ The dispositive issue in this case is whether, despite the provision of our Insurance Code requiring exclusive service upon the director, a party may nevertheless validly serve an agent of the company in accordance with the Rules of Civil Procedure applicable generally to corporations. Our rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other. Enactment of general provisions in rules does not necessarily imply repeal of specific statutory provisions dealing with the same subject. *See* State v. McCarrell, 80 Ariz. 240, 295 P.2d 1086 (1956); *Arizona Corporation Commission v. Catalina Foothills Estates*, 78 Ariz. 245, 278 P.2d 427 (1954).

The language of A.R.S. § 20–221 by its terms takes into account the Rules of Civil Procedure by providing that for domestic insurance companies, service of process may be made in accordance with the method generally applicable to corporations. However, with respect to foreign insurers, the statute provides that service on the director is the only method of service. The effect of the trial court's holding was to obliterate the statutory distinction between the manner in which foreign as opposed to domestic insurers are to be served. Such a result

1. A.R.S. § 20–221 in its entirety provides as follows:

"A. Each authorized insurer shall appoint the director as its attorney to receive service of legal process issued against it in this state. The appointment shall be irrevocable, shall bind *any successor in interest or to the assets* or liabilities of the insurer, and shall remain in effect as long as there is in force in this state any contract made by the insurer or obligations arising therefrom.

"B. Service of such process against a foreign or alien insurer shall be made only by service of process upon the director. Service of process against a domestic insurer may be made either upon the director or upon the insurer corporation in the manner provided by laws applying to corporations generally, or upon the insurer's attorney-in-fact if a reciprocal insurer.

"C. Each insurer at the time of application for a certificate of authority shall file with the director the name and address of a designated person to whom process against it served upon the director is to be forwarded. The insurer may change such designation by a new filing."

2. *Although appellee suggests that the record in* this case does not indicate that appellant is a foreign rather than a domestic insurer, the trial court after a hearing on the question of sufficiency of process clearly concluded in its order that appellant was a foreign insurance company. Moreover, in its own complaint, appellee alleges that Hartford Insurance is doing business in the state and was duly licensed to do business in this state, terms which under our Corporation Code were applicable to foreign corporations. See former A.R.S. § 10–481 et seq., Foreign Corporations, in effect at all times pertinent to the litigation below.

does such violence to the express statutory provision as to give it no effect whatsoever. This we decline to do. *See State v. McCarrell, supra.*

Service upon insurance companies is a common subject of legislation in this country. Many states provide that service of process may be made on a state official, but do not make that method of service exclusive. Other states, apparently a minority, have statutes similar to Arizona's requiring that service should be made only on the agency head. *See* 20 Appleman on Insurance § 11554.

The conclusion we reach in this case is in accord with decisions of other jurisdictions holding that statutes similar to A.R.S. § 20 221(B) establish the exclusive method of service; *see Murray v. Sovereign Camp, W. O. W.,* 192 S.C. 101, 5 S.E.2d 560 (1939); *Gibbons & Reed Company v. Standard Accident Insurance Company,* 191 F.Supp. 174 (D.Utah 1960). *See also State ex rel. Phoenix Mutual Life Insurance Company of Hartford, Conn. v. Harris,* 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862 (1938), involving a case construing a statute on its face more permissive than our own but nevertheless interpreted as mandating exclusive service of process on the state insurance agency.

The judgment is reversed and remanded with instructions to the trial court to enter its order setting aside the default previously entered against the appellant Hartford Insurance.

WREN and EUBANK, JJ., concur.