[No. 10907–7–II.   Division Two.   August 22, 1989.]

BARBARA TIPPIE, ET AL, *Appellants,* v. MARJORIE
MAY DELISLE, ET AL, *Respondents.*

*Michael Noble,* for appellants.

*Daniel Kyler* and *Rush, Hannula & Harkins,* for respondents.

ALEXANDER, C.J.—Both parties appeal the trial court's award of costs and fees to Barbara and M.J. Tippie. The Tippies contend that the trial court erred in awarding Marjorie and John Doe Delisle their costs, and in offsetting those costs against the costs awarded to them. The Delisles maintain that the trial court erred in awarding any costs to the Tippies because the jury rendered a verdict in favor of the Tippies which was less than the Delisles' offer of judgment. The Delisles contend, in addition, that they are entitled to "reasonable attorney's fees."

The Tippies also appeal the amount of the trial court's judgment in their favor. In that regard, they contend that the trial court erred in excluding an expert's testimony concerning the "opportunity cost" of the injuries Barbara Tippie suffered.[1]

We reverse the trial court's award of fees and costs to the Tippies and deny the Delisles' claim for reasonable attorney's fees. We affirm the trial court in all other respects.[2]

The Tippies brought suit against Marjorie M. and John Doe Delisle claiming they were damaged when an automobile driven by Barbara Tippie was struck from behind by a car driven by Marjorie Delisle. Before trial, and pursuant to CR 68, the Delisles submitted an offer of judgment to the Tippies in the amount of $2,500 plus costs. The Tippies rejected the offer.

After the trial court granted a partial summary judgment in favor of the Tippies on the negligence issue, the case proceeded to trial for the determination of damages. The Delisles moved in limine to exclude the testimony of an expert whom the Tippies planned to call as a witness.

---

[1]The Tippies do not state their precise complaint concerning exclusion of the testimony, but, since Barbara Tippie obtained a jury verdict, we presume that they believe that the alleged error resulted in an insufficient award.

[2]The Tippies also claimed that they were denied a fair trial because "the jury did not consider documentary evidence." This court's Commissioner earlier granted the Delisles' motion on the merits on that issue and we denied the Tippies' motion to modify the Commissioner's ruling. Consequently, that issue is resolved.

Although the Delisles stipulated to the expert's qualifications, they challenged the admissibility of his testimony on the grounds that the expert's testimony impermissibly quantified an element of general damages in monetary terms, assigned value to nonpecuniary loss of household services, and instructed the jury on the value of disability.

The Tippies opposed the motion to exclude the witness's testimony and made an offer of proof in the form of testimony of their expert, Bruce Mann, Ph.D. He testified that Barbara Tippie, who was a housewife, could not perform services for the marital community and could not enjoy "her own non–work, non–productive time." Although the expert testified that he had calculated damages separately for the categories of lost productive activities (work) and recreation (enjoyment), he did not place a dollar amount on each category. Rather, Mann testified only to a lump sum of damages, indicating that Barbara Tippie's total losses (work and recreation) for the period from 1982 to 1988 amounted to $91,661.

The jury rendered a verdict in favor of Barbara Tippie for $2,000. It awarded nothing to her husband, M.J. Tippie. The trial court ruled that the Tippies were "prevailing parties" pursuant to the provisions of RCW 4.84.010 because they obtained a judgment. It ruled that the Delisles were also entitled to costs, pursuant to CR 68 and RCW 4.84.010, because they made an offer of judgment to the Tippies which was larger than the award obtained by the Tippies. Because the trial court considered both parties to have prevailed, it offset the amount of the Delisles' lesser costs against the Tippies' greater costs and awarded a judgment to the Tippies for the difference, *i.e.,* $991.10.

### ENTITLEMENT TO COSTS, INCLUDING STATUTORY ATTORNEY'S FEES

The Tippies contend that they were the prevailing parties because they obtained a judgment, and, therefore, were entitled to their costs including statutory attorney's fees

without an offset for the Delisles' costs.[3] The Delisles maintain that they are entitled to an award of costs because their offer of judgment was greater than the jury's damage award to the Tippies.

Pursuant to RCW 4.84.030, a "prevailing party" is entitled to recover costs and disbursements.[4] These costs include statutory attorney's fees. RCW 4.84.010(6).[5] A "prevailing party" is a party in whose favor final judgment is rendered. *Miles v. F.E.R.M. Enters., Inc.,* 29 Wn. App. 61, 73, 627 P.2d 564 (1981). On the other hand, CR 68 provides for an award of costs to a defendant in cases where the defendant has made an offer of judgment to the plaintiff which was *larger* than the judgment ultimately obtained.[6] *Jordan v. Berkey,* 26 Wn. App. 242, 245, 611 P.2d 1382 (1980).

Arguably, the Tippies are prevailing parties in that they received a judgment. Nonetheless, the Delisles made a settlement offer which was greater than the award obtained by the Tippies. The question we must confront, therefore, is how CR 68 and RCW 4.84.030 are to be reconciled.

We conclude that, when RCW 4.84.030 and CR 68 are read together, a defendant making an offer pursuant to

---

[3]The Tippies maintain that the offer of judgment made to them as "plaintiffs" was insufficient because it was not made separately to each member of the marital community. The Tippies fail to cite authority for this contention, and, consequently, we shall not consider the contention on appeal. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 580 P.2d 617 (1978).

[4]RCW 4.84.030 provides, in relevant part:
"In any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements; . . ."

[5]Pursuant to RCW 4.84.080, the statutory attorney's fee is $125 in actions "where judgment is rendered, . . ."

[6]CR 68 provides, in relevant part:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him . . . with costs then accrued. . . . If [the offer is not accepted and] the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . .

CR 68 which is greater than the judgment finally obtained by the plaintiff, is entitled to costs and disbursements. In our judgment, the party who rejects a CR 68 offer and finally obtains a judgment less than the offer cannot be considered a "prevailing party" pursuant to RCW 4.84.030.

Because the Delisles' offer of judgment exceeded the judgment awarded to the Tippies, the Delisles are entitled to an award of costs accruing after the offer of judgment, including statutory attorney's fees, pursuant to CR 68. The Tippies are not entitled to fees in that they are not a prevailing party. *See Jordan*, 26 Wn. App. at 245; *Sims v. KIRO, Inc.,* 20 Wn. App. 229, 238, 580 P.2d 642, *cert. denied,* 441 U.S. 945 (1978). To the extent, if any, that CR 68 and RCW 4.84.030 conflict, CR 68 controls. *See* CR 81(b) (civil rules supersede all procedural statutes); RCW 2.04.200 (laws in conflict with rules promulgated by the Supreme Court shall have no further force or effect).

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

REED and WORSWICK, JJ., concur.

Reconsideration denied October 9, 1989.

Review denied at 114 Wn.2d 1003 (1990).