[No. 12244–8–II. Division Two. February 6, 1991.]

ANNELIESE STOUT, *Individually and as Guardian ad Litem*, ET AL, *Appellants*, v. THE STATE OF WASHINGTON, ET AL, *Respondents*.

*Leslie O. Stomsvik*, for appellants.

*Kenneth O. Eikenberry, Attorney General*, and *Gregory F. Brunson, Assistant*, for respondents.

WORSWICK, C.J.—Several parents, asserting claims for themselves and for their children, sued the State and others for damages allegedly caused by sexual abuse of the children, resulting from tortious conduct of the several defendants in licensing, operating and monitoring a day–care center. The plaintiffs settled with all defendants except the State. At trial, the State asserted several affirmative

defenses. Damages verdicts were returned in favor of some but not all plaintiffs. No verdict, however, exceeded what had been received in settlement, so no plaintiff gained anything by going to trial.

Some of the parents appeal, asserting a multitude of errors. The State cross–appeals, contending that the trial court erred in taxing costs against it. We affirm on the parents' appeal and reverse on the cross appeal.

We will discuss the cross appeal first. The State contends that the trial court erred in taxing costs against it because no plaintiff "prevailed." RCW 4.84.010(6). We agree.

Costs are taxed in favor of the party in whose favor a judgment is rendered. *Blair v. WSU,* 108 Wn.2d 558, 571, 740 P.2d 1379 (1987). Where a case actually goes to trial, determination of the prevailing party "is made on the basis of which party has an affirmative judgment rendered in his favor at the conclusion of the *entire case.*" *Moritzky v. Heberlein,* 40 Wn. App. 181, 183, 697 P.2d 1023 (1985). The plaintiffs in this case did not have an affirmative judgment rendered in their favor at the conclusion of the entire case.

In *Tippie v. Delisle,* 55 Wn. App. 417, 777 P.2d 1080 (1989), *review denied,* 114 Wn.2d 1003 (1990), we held that a party had not prevailed, though receiving a favorable verdict, where a pretrial offer of judgment, for an amount greater than the verdict, had been made pursuant to CR 68. Although *Tippie* is distinguishable in that CR 68 specifically speaks to the subject of costs, the controlling principle underlying *Tippie* applies here: one who obtains a verdict for an amount equal to or less than what is already in hand has not received an affirmative judgment and is not the prevailing party. *See Tippie,* 55 Wn. App. at 421.

RCW 4.22.060(2), which prescribes the effect of a settlement agreement, bears on the determination of the prevailing party in this case.[1] Its application here specifically

---

[1] RCW 4.22.060(2) provides:

"A release, covenant not to sue, covenant not to enforce judgment, or similar agreement entered into by a claimant and a person liable discharges that person

required that the plaintiffs' claims against the State be reduced by the amounts received in settlement. The plaintiffs knew or should have known before they went to trial that they might receive a verdict for less than the settlement, and therefore might not prevail. They did not prevail, and they cannot recover costs.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Affirmed on appeal; reversed on cross appeal.

ALEXANDER and MORGAN, JJ., concur.

Review denied at 116 Wn.2d 1029 (1991).

from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons is reduced by the amount paid pursuant to the agreement unless the amount paid was unreasonable at the time of the agreement in which case the claim shall be reduced by an amount determined by the court to be reasonable."