839 P.2d 427

**Nick J. DIGIROLAMO and Emily Digirolamo, husband and wife, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MOHAVE, the Honorable Leonard C. Langford, a judge thereof, Respondent Judge,**

**Kenneth WESTFIELD, M.D., and Jane Doe Westfield, husband and wife, Mohave Eye Clinic, an Arizona corporation, Michael D. Mastakas, M.D. and Jane Doe Mastakas, husband and wife, Michael D. Mastakas, M.D., Ltd., an Arizona corporation, et al., Real Parties in Interest.**

**No. 1 CA–SA 90–285.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 22, 1991.

Tryon, Heller & Rayes, P.C. by Douglas L. Rayes, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover and Janet Kornblatt, Phoenix, for real party in interest Westfield.

Weyl, Guyer, MacBan & Olson, P.A. by Duane A. Olson and Michael L. Barth, Phoenix, for real party in interest Mastakas.

OPINION

TAYLOR, Judge.

This special action arises out of the trial court's granting of defendants' motion to vacate offer of judgment for ninety days. The issue whether a trial court can extend the time for response to an offer of judgment under the recently amended version of Rule 68 of the Arizona Rules of Civil Procedure is of statewide concern. We therefore accept jurisdiction.

## FACTS

On March 30, 1990, petitioners Nick and Emily Digirolamo (Digirolamo) filed a medical malpractice claim for damages against the real parties in interest, Kenneth Westfield, M.D. (Westfield) and Michael D. Mastakas, M.D. (Mastakas). After Westfield and Mastakas were served and filed answers, discovery proceedings were undertaken. On May 29, 1990, Digirolamo served copies of medical records on Westfield and Mastakas. On July 20, 1990, Digirolamo filed answers to interrogatories propounded by Westfield and Mastakas.

On October 22, 1990, pursuant to Rule 68, Digirolamo served offers of judgment against Westfield and Mastakas, each in the amount of $150,000.00. By their terms, the offers of judgment, if not accepted within thirty days, were deemed withdrawn. Mastakas filed a motion to vacate offer of judgment[1] and Westfield joined. The trial court granted the motion for a period of ninety days. Petitioners filed a special action in this court seeking relief from the trial court action.

## DISCUSSION

█ Petitioners argue that under Rule 68 of the Arizona Rules of Civil Procedure, the thirty-day limitation on an offer of judgment is mandatory, and the trial judge had no discretion to enlarge the time for response. Real parties in interest, Westfield and Mastakas, respond that the Arizona Rules of Civil Procedure gave the trial court the power to enlarge the time for acceptance of the offer. They also argue that the unique nature of a medical malpractice claim, as well as the recent amendment allowing offers of judgment by *either*

plaintiff or defendant, makes trial court discretion necessary.[2]

### Offer of Judgment

The policy behind Rule 68 is to encourage settlements and to avoid protracted litigation by authorizing an offer of judgment before trial begins. 7 Moore's Fed. Pract. ¶ 68.02. Accordingly, the rule provides:

> At any time more than *30 days* before the trial begins, *any party* may serve upon the adverse party an offer to allow judgment to be entered in the action in accordance with the terms and conditions specified in the offer, with costs then accrued.... *An offer which is not accepted while it remains effective within the meaning of this Rule shall be deemed withdrawn* and evidence thereof shall not be admissible except in a proceeding to determine costs.... *An offer of judgment made pursuant to this Rule shall remain effective for 30 days after it is served,* except that an offer which is made within 60 days after service of the summons and complaint shall remain effective for 60 days after service thereof....

Ariz.R.Civ.P. 68 (emphasis added).

To support their argument that the thirty-day limitation on the offer is mandatory, petitioners rely on *Twin City Const. Co. of Fargo, North Dakota v. Cantor,* 22 Ariz. App.133, 524 P.2d 967 (1974). *Twin City* was a construction contract dispute in which the trial court denied plaintiff's motion for extension of time to respond to defendant's offer of judgment. However, on its own initiative, the court relieved plaintiff of sanctions imposed by Rule 68 when the final judgment was not more favorable than the offer.[3] The defendant

---

1. Although characterized as a motion to vacate, the trial court apparently treated it as a motion to enlarge time, indicating in its minute entry that the motion was granted and that defendants would have 90 additional days to respond.

2. Westfield argues in his brief that under Rule 81, Arizona Rules of Civil Procedure also gives the trial court discretion to enlarge the time if application of Rule 68 would work injustice in a particular case. However, our construction of Rule 81 is that the authority to suspend the

application of the Rules in cases where they would work an injustice applies to actions or proceedings pending at the time the Rules were implemented. We conclude that Rule 81 does not apply to this case.

3. Rule 68 provided that if an offeree did not obtain a judgment more favorable than the offer, the offeree was required to pay the costs incurred *after making the offer.* Rule 68, as amended, provides if an offeree obtains a judgment "equal to, or more favorable to the offeror

filed a special action for relief from the decision of the trial court to alter the sanctions imposed by Rule 68. This court granted special action relief to the defendants and held that the trial court had no authority to relieve the plaintiff of the sanctions, adding in dicta that the court likewise had no authority to extend the time within which the offer could be accepted or rejected. We believe this last statement to be erroneous.

*Enlargement of Time*

■ Rule 6(b) of the Arizona Rules of Civil Procedure authorizes the court, in certain circumstances, to enlarge the time in which an act is required or allowed under the rules with certain enumerated exceptions:

> When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ...; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (1), 60(c) and 73(b) and (s), except to the extent and under the conditions stated in them.

While the use of the word "shall" in Rule 68 may be construed to make the thirty-day limitation mandatory (i.e., the offer shall be effective for no less and no more than thirty days), we find no authority for holding that Rule 6(b) does not apply to Rule 68. A search of the record in the *Twin City* case indicates the issue was not addressed by the court, nor argued by either party. We have found no Arizona case dealing with the issue of whether Rule 6(b) applies to Rule 68 nor have we found any federal case dealing with the issue under the federal counterparts to our rules.[4]

Digirolamo argues that the language of Rule 68 is mandatory. We agree, unless the court, in the exercise of its discretion and pursuant to the power conferred by Rule 6(b), acts to enlarge the time to accept an offer. We believe that such an interpretation is required to give effect to the plain wording of both rules and to foster their harmonious application.

By amendment to Rule 68, effective May 1, 1990, the Arizona Supreme Court authorized an offer of judgment by *either* party. Previously, only the defendant could make an offer of judgment. We recognize the change allowing bilateral offers may place the recipient party at a disadvantage when an adverse party serves the offer early in the proceedings. The parties may not be in equal positions to evaluate the merits of the case. This disadvantage may be weighed by the trial court in considering a request under Rule 6(b) to enlarge the time to respond.

We also recognize that the value to the plaintiff of a potential judgment is not static and that the offer may be calculated upon the expectation of prompt acceptance or rejection.[5] However, we find no exception for Rule 68 in the text of Rule 6(b). We therefore hold that Rule 6(b) applies to Rule 68 and that the trial court may, for cause, enlarge the time for response to an offer of judgment.

The decision of the trial court is affirmed.

EHRLICH, P.J., and FIDEL, J., concur.

---

than, the offer, the offeree must pay double the costs incurred after the making of the offer."

4. For a general discussion on the issue of whether the time for response to an offer of judgment may be enlarged under the federal rules, see *Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218 (N.D. Ohio 1969), where the court concluded, without discussion of Rule 6, that it

had no authority to hold the offer of judgment in abeyance.

5. Because Digirolamo did not seek to withdraw his offer rather than submit to an enlarged time for acceptance, we do not decide whether such a right is reserved to the offeror, or if the trial court may grant such a right as a condition to enlarging the time for acceptance.