843 P.2d 1277

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Gary E. Donahoe, a judge pro tem thereof, Respondent Judge,**

**Blair T. WEST, Real Party in Interest.**

No. 1 CA–SA 92–0128.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 22, 1992.

Michael L. Scanlan, Asst. Phoenix City Prosecutor, Phoenix, for petitioner.

Philip A. Seplow, Phoenix, for real party in interest.

## OPINION

FIDEL, Chief Judge.

In a forfeiture proceeding, must a claim be personally verified by the claimant, or may it be verified by counsel or another person familiar with the facts? That question is presented in this special action, which requires us to examine the relationship between Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4311(E) (1989) and Rule 11(b), Arizona Rules of Civil Procedure. We hold that the statute requires the claimant to personally verify the claim.

## BACKGROUND

When claimant Blair West was arrested for weapons and narcotic violations, the

police seized firearms and $1513 in U.S. currency. The State, pursuing forfeiture under A.R.S. section 13–4309 (1989), notified all persons known to hold an interest in the property.

West's attorney, Philip Seplow, filed a "Petition for Remission or Mitigation of Forfeiture" seeking return of the currency to West. The petition asserted that the funds were not contraband but proceeds from a personal injury settlement West had received. West neither signed nor verified the petition; but in an accompanying notarized "verification," another attorney, Morton Rivkind, stated upon information and belief that its assertions were true. Pursuant to A.R.S. section 13–4309(3)(b), the State issued a declaration of forfeiture.

Seplow next filed a "Notice of Claim" for West under A.R.S. section 13–4311, again asserting that the currency was not contraband but part of the proceeds of a settled personal injury claim. The notice was not signed by West; but in an accompanying unnotarized "Declaration," Seplow stated "under penalty of perjury" that the stated facts were true to the best of his information and belief.

The State moved to strike the notice, objecting that it failed to meet the procedural requirements of section 13–4311(E). When the trial court denied the State's motion and later motion to reconsider, the State filed this special action.

After hearing argument, we accepted jurisdiction and granted relief. We explain that order in this opinion.

## DISCUSSION

### A. Special Action Jurisdiction

We accept jurisdiction to resolve a purely legal question of statutory interpretation. The question is of first impression and has statewide importance because of the heavy volume of forfeiture cases filed in this

State. *See State v. Warner*, 168 Ariz. 261, 262, 812 P.2d 1079, 1080 (App.1990).

### B. Compliance with A.R.S. Section 13–4311(E)

■ The parties dispute the adequacy of the declaration signed by Seplow that accompanied West's Notice of Claim. They do not dispute the adequacy of attorney Rivkind's earlier verification of West's Petition for Remission or Verification of Forfeiture, although the requirements are the same.[1]

A.R.S. section 13–4311(E) lists the necessary contents of a claim against property in judicial forfeiture proceedings. The statute also provides, "The claim shall be signed by the claimant under penalty of perjury...." West's claim did not comply.

The trial court found, however, that Rule 11(b), Arizona Rules of Civil Procedure, permits a person with personal knowledge to verify a forfeiture claim on a claimant's behalf. Rule 11(b) provides:

> When in a civil action a pleading is required to be verified by the affidavit of the party, or when in a civil action an affidavit is required or permitted to be filed, *the pleading may be verified*, or the affidavit made, by the party or *by a person acquainted with the facts, for and on behalf of such party.*

Ariz.R.Civ.P. 11(b) (emphasis added).

We find that the trial court erred. "Our rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other." *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977). In some cases statutes are tempered by the requirements of omnibus rules. *See, e.g., Upton v. Cochise County Bd. of Adjustment, Dist. 1*, 121 Ariz. 238, 589 P.2d 481 (App.1979) (holding that rule excluding weekends and holidays from time computations applies to computation of

---

**1.** Section 13–4309(2) provides that a petition for remission or mitigation must "comply with the requirements for claims in § 13–4311, subsections E and F."

statutory thirty-day period for filing superior court administrative appeal). In other cases a specific statutory requirement takes precedence. *See, e.g., Phoenix of Hartford, Inc.,* 114 Ariz. at 258–59, 560 P.2d at 442–43 (holding that statute designating director of insurance as exclusive recipient of service of process on foreign insurers takes precedence over general rule permitting agents to receive service for corporations).

 To harmonize a rule and statute, a court should consider the purpose each is meant to serve. Rule 11(b) originated in the revised Code of 1928, section 3744, which was intended generally to permit "anyone who knew the facts" to supply a verification required for pleading. *Weigel v. Hohn,* 45 Ariz. 81, 84, 39 P.2d 933, 934 (1935). We read section 13–4311(E) to embody a narrower and superseding intent. Property subject to forfeiture is property whose ownership is pertinent to criminal investigation or prosecution. Section 13–4311(E), which expressly requires the claimant's signature "under penalty of perjury," informs a claimant of the gravity of a claim against such property and assures the State that the claim will not be casually made.

When the legislature adopted the forfeiture provisions of the criminal code, it intended for the rules of civil procedure to apply generally, but not entirely, to in rem forfeiture proceedings. Section 13–4311(B) provides:

> [j]udicial in rem forfeiture proceedings are in the nature of an action in rem and are governed by the rules of civil procedure unless a different procedure is provided by law.

The signature requirement of 13–4311(E) is an instance of a different procedure provided by law.

For the foregoing reasons, we hold that the trial court erred in denying the State's motion to strike the claim. We have previously accepted special action jurisdiction and granted the State's request for relief, directing the trial court to grant the State's motion and proceed as if the notice of claim had not been filed.

EHRLICH, P.J., and GARBARINO, J., concur.