887 P.2d 612

Christina Theresa Marie DROZDA, a single woman, Plaintiff–Appellee,

v.

Susan Marie McCOMAS and John Doe McComas, wife and husband, Defendants–Appellants.

No. 1 CA–CV 93–569.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 1, 1994.

Review Denied Jan. 24, 1995.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Lisa M. Sommer, Christopher Robbins, Phoenix, for appellants.

Barton, Venable, Gullette & Randall, P.C. by Richard A. Gullette, Bruce A. Barton, Phoenix, for appellee.

## OPINION

TOCI, Judge.

Susan Marie McComas ("defendant") argues that the trial court erred in awarding Christina Theresa Marie Drozda ("plaintiff") costs as a "successful party" pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–341 (1992) and in failing to award defendant expert witness fees pursuant to Rule 68, Arizona Rules of Civil Procedure. We hold that where a plaintiff obtains an award of damages less favorable than the defendant's Rule 68 offer of judgment, (1) the plaintiff is still the successful party in the lawsuit and is entitled to both pre-offer and post-offer costs, and (2) the defendant is entitled to expert witness fees and double costs as sanctions under Rule 68. We also hold, however, in this case, that amended Rule 68, with its more severe sanctions, adopted months after plaintiff allowed defendant's offer of judgment to expire, is not retroactive. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendant for damages sustained in an automobile accident. In the parties' "Joint Pretrial Statement," defendant admitted liability and agreed that the only remaining issue of fact was "[t]he nature and extent of damages, if any, caused by the accident." No other issues of fact or law were contested.

Before trial, under the provisions of Rule 68, each party submitted an offer of judgment to the other. In February 1992, defendant made an offer of judgment to plaintiff in the amount of $25,000.00. Plaintiff did not accept the offer. In September 1992, plaintiff submitted an offer of judgment to defendant in amount of $50,000.00. This offer was not accepted by defendant.

On June 1, 1992, the Arizona Supreme Court adopted an amendment to Rule 68(d), Arizona Rules of Civil Procedure.[1] The amendment took effect during the pendency of this litigation, several months after defendant had made her offer of judgment, but before trial. Amended Rule 68(d) provides, in part, that the offeror is entitled to collect expert witness fees incurred after the making of an offer of judgment, in addition to double taxable costs, if the judgment finally obtained is equal to or more favorable than the offer.

The jury returned a verdict awarding plaintiff damages of $16,625.00, which was $8,375.00 less than defendant's offer of judgment. The trial court awarded plaintiff costs "in the amount of $1,929.05, and ... interest on the entire judgment" and defendant costs "in the total amount of $1,024.64." Although it is not clear from the minute entry, presumably plaintiff's award of costs included both pre-offer and post-offer costs under A.R.S. section 12–341. Likewise, because the parties make no issue of it, we conclude that the trial court doubled defendant's post-offer taxable costs only. The trial court, however, denied defendant's expert witness fees incurred after defendant's Rule 68 offer of judgment. Defendant appeals.

## II. DISCUSSION

### A. Entitlement to Costs

■ Defendant first argues that the trial court erred in awarding plaintiff costs as a "successful party" under A.R.S. section 12–341. Defendant contends that plaintiff cannot be adjudged a "successful party" because plaintiff recovered an amount of damages less than defendant's Rule 68 offer of judgment. We disagree. Construing Rule 68 together with A.R.S. section 12–341, we hold that although the judgment finally obtained by plaintiff (offeree) was less than defendant's (offeror's) offer of judgment, plaintiff (offeree) is still the successful party and is therefore entitled to recover both her pre-offer and post-offer costs under section 12–341. Nevertheless, as required by Rule 68, plaintiff (offeree) must pay defendant's (offeror's) post-offer costs.

Defendant relies on *Tippie v. Delisle*, 55 Wash.App. 417, 777 P.2d 1080 (1989), for the proposition that the party who does not accept a Rule 68 offer of judgment and finally obtains a judgment less than the offer cannot be considered a "successful party" pursuant to A.R.S. section 12–341. There, the Washington Court of Appeals held that a party who rejected a Rule 68 offer and obtained a

1. Rule 68(d), Arizona Rules of Civil Procedure, was amended as follows:

    (d) Offer Not Accepted: Sanctions. An offer which is not accepted while it remains effective within the meaning of this Rule shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding to determine ~~costs~~ sanctions under this Rule. If the judgment finally obtained is equal to, or more favorable to the offeror than, the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs of the offeror, as defined in A.R.S. § 12–322, incurred after the making of the offer, and prejudgment interest on unliquidated claims to accrue from the date of the offer. If the offer made included amounts for costs or attorneys' fees, an award of sanctions under this Rule shall only be made if the judgment finally obtained, exclusive of any attorneys' fees or costs awarded and included therein, is equal to, or more favorable to the offeror than, that portion of the offer stating the award to be made on the causes of action asserted.

    (Additions are indicated by underline; deletions by strikeout.)

judgment for less than the offer was not a prevailing party under that state's cost statutes. *Tippie* is distinguishable because it was based in part on the proposition that, under Washington law, the civil rule adopted by the Washington Supreme Court had precedence over procedural statutes enacted by the Washington Legislature. *Id.* at 1082. Arizona law is different. Here, "[o]ur rules of procedure and statutes should be harmonized whenever possible and read in conjunction with each other." *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977); *see also State ex rel. McDougall v. Superior Court*, 173 Ariz. 385, 386, 843 P.2d 1277, 1278 (App.1992). We, therefore, decline to follow *Tippie.*

■ Furthermore, our own analysis of the language of A.R.S. section 12–341 and Rule 68 persuades us that defendant's position lacks merit. A.R.S. section 12–341 provides that a "successful party" is entitled to recover "all costs expended or incurred" in a civil action. The term "successful party" means the party who wins the lawsuit. Further, in the absence of a statute or rule providing for apportionment, a party who obtains judgment for only a part of a demand or claim is entitled to all taxable costs. *Ayala v. Olaiz*, 161 Ariz. 129, 131, 776 P.2d 807, 809 (App.1989). As the Utah Court of Appeals stated in *Mountain States Broadcasting Co. v. Neale,* 783 P.2d 551, 555 (Utah Ct.App.1989):

> Typically, determining the "prevailing party" for purposes of awarding fees and costs is quite simple. Plaintiff sues defendant for money damages; if plaintiff is awarded a judgment, plaintiff has prevailed, and if defendant successfully defends and avoids an adverse judgment, defendant has prevailed.[2]

Here, because plaintiff recovered a judgment, she is a successful party under section 12–341, even though her recovery was less than defendant's offer of judgment. *Cf. Ayala*, 161 Ariz. at 131, 776 P.2d at 809. Plaintiff

is, therefore, entitled to recover her taxable costs.

■ Rule 68 does not modify the application of A.R.S. section 12–341 or change the commonly accepted definition of "successful party." The rule states, in part:

> If the judgment finally obtained is equal to, or more favorable to the offeror than, the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs *of the offeror,* as defined in A.R.S. § 12–322, incurred *after* the making of the offer, and prejudgment interest on unliquidated claims to accrue from the date of the offer.

(Emphasis added.) The above language provides for an award of post-offer costs only to "the offeror." Rule 68 does not address the issue of costs incurred by the successful party, either before or after the offer of judgment is made. In other words, Rule 68 contains no language requiring the offeree to bear his own post-offer costs. Instead, by requiring payment of expert witness fees and double the offeror's costs, Rule 68 penalizes the offeree who has obtained a judgment less favorable than the offer. Consequently, we conclude that Rule 68 does not bar the offeree who is a successful party from recovering his own costs.

Thus, if the successful party is the offeree and the recovery exceeds the amount of the offer, then the offeree is entitled to an award of all taxable costs, undiminished by any obligation to pay the offeror's post-offer costs. On the other hand, if the offeree is the successful party and recovers less than the amount offered, as in this case, then the offeree is entitled to costs incurred both before and after the offer, and is liable to the offeror for expert witness fees and double the offeror's post-offer taxable costs. We reach this decision by reading A.R.S. section 12–341 and Rule 68 together and harmonizing them. *See Phoenix of Hartford*, 114 Ariz. at 258, 560 P.2d at 442.

**2.** This simple analysis cannot be employed where both the plaintiff and the defendant obtain some monetary relief. Additionally, the determination

of a "successful party" becomes more complicated in cases involving multiple claims and parties and counterclaims.

## B. Retroactivity of the Amendments to Rule 68

Defendant next argues that the 1992 amendment to Rule 68 applies to this case and requires the trial court to award defendant her expert witness fees. As amended, Rule 68 provides in part:

If the judgment finally obtained is equal to, or more favorable to the offeror than, the offer, the offeree *must pay*, as a sanction, *those reasonable expert witness fees and double the taxable costs of the offeror*, as defined in A.R.S. § 12–322, incurred after the making of the offer.

(Emphasis added.) Defendant argues, therefore, that the trial court erred in not granting her expert witness fees.

■ Rule 81, Arizona Rules of Civil Procedure, governs the retroactivity of amendments to the Arizona Rules of Civil Procedure.[3] That rule states:

These Rules govern all actions or proceedings brought after they take effect and also all further actions or proceedings then pending, except to the extent that in the opinion of the court their application in a particular action or proceeding pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies.

Thus, unless the application of the amended rule is not feasible or would work an injustice, it has retroactive application to a pending action. *See Sarchett v. Superior Court,* 168 Ariz. 321, 322–23, 812 P.2d 1139, 1140–41 (App.1991); *State v. Watson,* 7 Ariz.App. 81, 88, 436 P.2d 175, 182 (1968).

The Seventh Circuit addressed a similar issue in *United States v. E.J. Biggs Constr. Co.,* 116 F.2d 768, 775 (7th Cir.1940). There, the court was presented with the issue of whether the assessment of taxable costs should have been made under the old or new rules of civil procedure. The court relied on Federal Rule of Civil Procedure 86, which at the time made the new rules "effective as to 'all further proceedings in actions then pending.'" *Id.* (quoting Fed.R.Civ.P. 86). Fed-

eral Rule 86 is similar to our Rule 81. The *E.J. Biggs* court held that pursuant to federal Rule 86, even though the record disclosed that most of the costs had been incurred prior to the effective date of the rules, the new rules would apply to the taxation of costs. *Id.; see also John R. Alley & Co. v. Federal Nat'l Bank of Shawnee,* 124 F.2d 995, 998–99 (10th Cir.1942) (retroactive application of new Federal Rule of Civil Procedure); *Meredith v. United Air Lines,* 41 F.R.D. 34, 40 (S.D.Cal.1966) (retroactive application of amended Federal Rule of Civil Procedure).

■ Thus, under Rule 81, amended Rule 68 applies to this case, which was pending before the trial court when the amendment took effect, unless "in the opinion of the court" the application of amended Rule 68 "would work [an] injustice." The use of the phrase "in the opinion of the court" indicates that the decision whether to apply an amended rule retroactively to a pending case is within the discretion of the trial judge. *See Doyle v. Loring,* 107 F.2d 337, 340 (6th Cir. 1939), *cert. denied,* 309 U.S. 686, 60 S.Ct. 808, 84 L.Ed. 1029 (1940) ("The Rules of Civil Procedure became effective while the suit was pending and whether they should have been applied was in the discretion of the court...."). Here, the trial court, by implication, found that the retroactive application of amended Rule 68 would not be feasible or would work an injustice. We agree.

A litigant who considers an offer of judgment engages in a risk-benefit calculation. Defendant's offer exposed plaintiff only to the risks embodied within the pre-amended version of Rule 68. When plaintiff in this case allowed defendant's offer of judgment to expire, Rule 68 had not yet been amended. Thus, the risk plaintiff chose to bear was the risk of paying double defendant's post-offer costs—not the risk of paying defendant's expert witness fees. It is one thing for plaintiff to balance the possibility of recovering more than the $25,000.00 offered by defendant

---

3. Although neither party raised Rule 81 in their briefs, we are not precluded from considering it on appeal. *Word v. Motorola, Inc.,* 135 Ariz. 517, 520, 662 P.2d 1024, 1027 (1983). "'Parties can-

not stipulate as to the law applicable to a given state of facts and bind the court.'" *Id.* (quoting *State Consol. Publishing Co. v. Hill,* 39 Ariz. 163, 167, 4 P.2d 668, 669 (1931)).

against the risk of paying double defendant's taxable post-offer costs. It is quite another to balance that possibility against the risk of paying over $8,400.00 in expert witness fees. Plaintiff did not decide—and moreover she had no opportunity to decide—that the chance of recovering more money was worth the latter risk. If defendant had wished to expose plaintiff to the greater risks that flowed from amended Rule 68, she should have made another offer after the amended rule took effect.

Here, retroactive application of amended Rule 68 would impose upon plaintiff a risk she did not embrace. Because this would work an injustice, Rule 81 permits the court to apply former Rule 68 rather than amended Rule 68. Accordingly, we find no abuse of discretion by the trial court.

### III. CONCLUSION

For the reasons stated above, we affirm.

FIDEL, P.J., and CONTRERAS, J., concur.