898 P.2d 520

**Christina DAVIS, a single woman, Plaintiff–Appellee, Cross–Appellant,**

v.

**DISCOUNT TIRE CO., an Arizona corporation; Defendant–Appellant, Cross–Appellee.**

**No. 1 CA–CV 93–0524.**

Court of Appeals of Arizona, Division 1, Department A.

July 3, 1995.

Jones, Skelton & Hochuli by Jeffrey B. Miller and Eileen J. Dennis, Phoenix, for plaintiff-appellee, cross-appellant.

Teilborg, Sanders & Parks, P.C. by Steven Plitt and Brian E. Cieniawski, Phoenix, for defendants-appellants, cross-appellees.

## OPINION

TOCI, Judge.

This appeal involves the effect of an unaccepted Rule 68 [1] offer of judgment made by the defendant, Discount Tire Company ("Discount Tire"), to the plaintiff, Christina Davis, early in the course of a personal injury lawsuit. Later, at the mandatory settlement conference, Discount Tire orally offered to settle with Davis for less than Discount Tire's previous Rule 68 offer of judgment. After Davis rejected the oral settlement offer, she obtained a jury verdict that was less than Discount Tire's Rule 68 offer of judgment, but more than Discount Tire's oral settlement proposal.

The issue here is whether the Rule 68 offer of judgment establishes the basis for an award of expert witness fees and doubled costs, notwithstanding the trial court's ruling that later oral settlement figures offered by each party would serve as the basis for the award of fees and costs.

We hold as follows. On Discount Tire's appeal, we conclude that the provisions of Rule 68 are mandatory. Because the judgment finally obtained by Davis was more favorable to Discount Tire than Discount Tire's Rule 68 offer of judgment, Davis must pay the sanctions provided in the rule. The trial court could not relieve Davis of Rule 68 sanctions by constructing a new standard for the award of fees and costs. On Davis's cross-appeal from the denial of costs, we conclude that, under *Drozda v. McComas,* 181 Ariz. 82, 887 P.2d 612 (App.1994), even though her recovery was less than defendant's offer of judgment, she is the prevailing party. Accordingly, we reverse and remand for an award of fees and costs in a manner consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Christina Davis filed suit against Discount Tire after she was injured in an automobile accident allegedly caused by a tire blow out.

On December 10, 1992, Discount Tire served on Davis an offer of judgment in the amount of $60,000 pursuant to Rule 68. The offer was not accepted.

On March 17, 1993, both parties attended a mandatory settlement conference ordered by the trial court pursuant to Rule 16, Arizona Rules of Civil Procedure. At the settlement conference,[2] the trial court informed the participants that it would use the settlement figures each side was offering at that time to determine any post-trial award of costs. Discount Tire objected, asserting that the court had no authority to impose such an arrangement. Thereafter, as the settlement conference continued, Davis orally offered to accept settlement for $150,000, and Discount Tire orally offered to settle for $30,000. No settlement was achieved, and the case went to trial.

After the jury awarded Davis $55,900, the trial court, consistent with its prior pronouncement, ordered that each side would bear its own costs. Specifically, the court found that Davis was not a "prevailing party" in light of her $150,000 settlement offer. The court also noted that the jury award was greater than Discount Tire's $30,000 offer at the settlement conference. Discount Tire argued that its Rule 68 offer of judgment could not be superseded by its later settlement offer because the latter was not an offer of judgment and was not in writing. The trial court reasoned, however, that Discount Tire could be bound by the $30,000 settlement offer because the offer was made in open court. The court noted that both parties were informed of the court's "ground rules" at the settlement conference.

A formal order embodying the court's ruling was entered, and both sides filed a timely appeal.

## II. DISCUSSION

### A. Discount Tire's Entitlement to Rule 68 Sanctions

■ The determinative question is whether the trial court had legal authority at the

---

1. Arizona Rules of Civil Procedure.

2. No record of the March 17, 1993 settlement conference exists, but what occurred at that time can be gleaned from the parties' and the trial court's post-trial colloquy on taxable costs.

pre-trial settlement conference to direct the parties in effect to make new Rule 68 [3] offers on which the final award of costs would be determined. We conclude that the court had no such authority.

The court was required to honor Discount Tire's December 1992 offer of judgment. The language of Rule 68 is mandatory: "If the judgment finally obtained is ... more favorable to the offeror than the offer, the offeree *must pay* ... [the] sanction...." (Emphasis added.) Although a trial court has authority under Rule 6(b), Arizona Rules of Civil Procedure, to extend the time for responding to a Rule 68 offer of judgment, *Digirolamo v. Superior Court,* 173 Ariz. 7, 9, 839 P.2d 427, 429 (App.1991), a trial court lacks authority to relieve the rejecting recipient from the sanctions that the rule imposes, *Twin City Const. Co. v. Cantor,* 22 Ariz.App. 133, 135, 524 P.2d 967, 969 (1974). Thus, because Discount Tire made a valid Rule 68 offer of judgment, the court could not relieve Davis of the Rule 68 sanctions by constructing a new standard for the award of fees and costs.

Davis argues that the court had authority to fashion new standards for the award of fees and costs under Rule 16, Arizona Rules of Civil Procedure. Rule 16 empowers the trial court to direct the parties' participation in pretrial conferences so as to organize, expedite, and control the quality of the trial and to facilitate settlement. Ariz.R.Civ.P. 16(a). Rule 16(c) grants a number of specific powers to the trial court to accomplish those purposes, including determining discovery and disclosure schedules, resolving discovery disputes, and eliminating non-meritorious claims and defenses. *See* Ariz.R.Civ.P. 16(c)(1)–(16). In addition to those enumerated powers, Rule 16(c)(17) authorizes the court to make "such other orders as the court deems appropriate." Davis contends that the trial judge's pretrial order that the parties' settlement figures would be used as the basis for any award of costs was an order authorized by Rule 16(c)(17). We disagree.

Viewed in context, the catch-all provision of Rule 16(c)(17) does not allow the trial court at a settlement conference unilaterally to displace a party's earlier use of Rule 68. One of Rule 16(c)'s specific grants of authority to the trial court at a pretrial conference is to "[d]etermine whether any time limits or procedures set forth *in the discovery rules* or

---

**3.** Rule 68 provides in pertinent part:

((a) **Offer; Time for Making.**) At any time more than 30 days before the trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered in the action in accordance with the terms and conditions specified in the offer, plus costs then accrued.

((b) **Procedure Generally; Contents of Offer; Acceptance; Entry of Judgment on Offer.**) In cases in which attorneys' fees have not been sought, if any portion of an offer made pursuant to this Rule is for the entry of a monetary judgment, the monetary award to be made shall be set forth in the offer as a specific stated sum. If, while such an offer remains effective within the meaning of this Rule, the adverse party serves written notice that the offer is accepted, either party may then file the offer together with proof of acceptance thereof and a judgment complying with the requirements of Rule 58(a) shall be entered.

....

((d) **Offer Not Accepted; Sanctions.**) An offer which is not accepted while it remains effective within the meaning of this Rule shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding to determine sanctions under this Rule. If the judgment finally obtained is equal to, or more favorable to the

offeror than the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs of the offeror, as defined in A.R.S. § 12–332, incurred after the making of the offer, and prejudgment interest on unliquidated claims to accrue from the date of the offer....

((e) **Effective Period of Offers; Subsequent Offers; Offers on Damages.**) The fact that an offer has been made but not accepted does not preclude a subsequent offer. An offer of judgment made pursuant to this Rule shall remain effective for 30 days after it is served, except that an offer which is made within 60 days after service of the summons and complaint shall remain effective for 60 days after service thereof. If the effective period is enlarged by the court, the offeror may withdraw the offer at any time after expiration of the initial effective period and prior to acceptance of the offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

set forth *in the Uniform Rules of Practice or Local Rules of Practice* should be modified or suspended." Ariz.R.Civ.P. 16(c)(12) (emphasis added). The Rule 68 scheme is certainly a "procedure" that might theoretically be suspended or modified. It is not, however, part of the Uniform Rules of Practice. Neither is Rule 68 part of the Maricopa County Local Rules, or the "discovery" rules contained in the Rules of Civil Procedure. Thus, we cannot read Rule 16(c)(17) so broadly as to negate the limitations on the court's authority implicitly contained in Rule 16(c)(12). If the supreme court had intended otherwise, it would have drafted Rule 16(c)(12) more expansively than it did.

■ The requirement that a Rule 68 offer be in writing also precludes the ad hoc procedure imposed by the trial court at the settlement conference. It is true, as Davis argues, that Rule 68 nowhere expressly requires that an offer of judgment be *in writing.* Nevertheless, the requirement of a written offer of judgment is implicit in Rule 68. Proposed terms and conditions of settlement must be "specified in the offer." Ariz.R.Civ.P. 68(a). The Rule contemplates that the offer of judgment is to "set forth" a specific stated sum in a "portion" of the offer that "stat[es] the award to be made on the causes of action asserted." Rule 68(b), (c), (d). Moreover, an offer of judgment is to be "served" on the adverse party, and the time during which the offer is effective runs in all situations from the date of such service. Rule 68(a), (e). Finally, once the opposing party has accepted the offer of judgment by serving written notice to that effect, either party may then *"file the offer* together with proof of acceptance thereof...." Ariz.R.Civ.P. 68(b), (c)(2), (c)(3) (emphasis added). Only a written offer fits in this scheme as a Rule 68 "offer of judgment."

Our holding finds support in the United States Court of Appeals' interpretation of the analogous provisions in Rule 68, Federal Rules of Civil Procedure. In *Grosvenor v.*

*Brienen,* 801 F.2d 944, 949 (7th Cir.1986), the court of appeals noted:

> The effect of a rejected offer of judgment is determined by the terms of the offer as they existed at the time the plaintiff rejects it. It would be ill-advised to impose the risk on a plaintiff of the ambiguity of an oral offer made at a settlement conference.

*Accord Fletcher v. O'Donnell,* 729 F.Supp. 422, 431 (E.D.Pa.1990).

Finally, we agree with Discount Tire that the modification of the offer of judgment procedure imposed by the trial court here would tend to defeat the purpose of Rule 68. "Rule 68 ... provides a method by which a defendant can avoid liability for most taxable costs by making an early, realistic offer of judgment." [4] *Ayala v. Olaiz,* 161 Ariz. 129, 132, 776 P.2d 807, 810 (App.1989). The trial court's interpretation would effectively nullify the statutory objective of Rule 68—an "early realistic" offer of judgment made by a party before significant litigation expenses have been incurred. Here, the trial court's ruling would award costs on the basis of oral settlement offers compelled by the court on the eve of trial, after the parties have already made a substantial investment in the litigation.

The Rule 68 sanctions attached on the entry of the award to Davis, which was less favorable than Discount Tire's $60,000 Rule 68 offer of judgment. Because the trial court had no authority to relieve Davis of the Rule 68 sanctions, the court could not impose on Discount Tire a procedure that had such an effect. Thus, the court erred in declining to award Discount Tire Rule 68 sanctions based on the December 1992 offer of judgment.

## B. Costs to the Prevailing Party

■ The trial court also erred in denying all taxable costs to Davis. Ariz.Rev.Stat. Ann. section 12–341 (1992), provides, "The

4. Effective May 1, 1990, Rule 68 was amended to allow any party, not just the defendant, to make an offer of judgment under the rule. *See Digirolamo,* 173 Ariz. at 9, 839 P.2d at 429. The Rule has also been amended to include reasonable expert witness fees in the sanction imposed for rejection of a favorable offer. *See* Ariz.R.Civ.P. 68, State Bar Committee Note.

successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." Because Davis recovered a judgment against Discount Tire, she was the "successful party." *See Drozda,* 181 Ariz. at 85, 887 P.2d at 615. Pursuant to Rule 68, Discount Tire was entitled to expert witness fees and double taxable costs incurred after December 10, 1992. *See id.* Davis nevertheless retained her right to recover all her taxable costs under section 12–341. *See id.*

## III. CONCLUSION

For the foregoing reasons, the order of the trial court is reversed and remanded for proceedings consistent with this opinion.

GERBER and THOMPSON, JJ., concur.