NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE EDGAR D.

No. 1 CA-JV 14-0095
FILED 12-02-2014

---

Appeal from the Superior Court in Maricopa County
No.   JV197145
The Honorable Roger L. Hartsell, Commissioner

**REVERSED AND REMANDED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellant*

Maricopa County Public Advocate's Office, Phoenix
By A. Jason Max
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Maurice Portley joined. Judge Randall M. Howe specially concurred.

---

**O R O Z C O**, Judge:

**¶1** The State appeals the dismissal of its petition alleging Edgar D. (Juvenile) drove under the influence of alcohol. For the following reasons, we reverse the juvenile court's dismissal and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Juvenile was taken into custody on February 2, 2013 after the car he was driving was stopped on suspicion of driving under the influence, failing a series of field sobriety tests and a preliminary breath test revealed that he had a breath alcohol concentration of .121%. Juvenile was taken to West Valley Hospital for further evaluation and consented to having his blood drawn. Juvenile was then released back to the police officer until his mother picked him up.

**¶3** The case was referred to the Maricopa County Attorney's Office (MCAO or State) on February 13, 2013. However, MCAO declined to file charges on April 18, 2013 because Juvenile's toxicology report had not yet been received and there was "no reasonable likelihood of conviction." The case was re-referred to MCAO on October 10, 2013 with Juvenile's toxicology report. The State filed a delinquency petition on December 2, 2013 charging Juvenile with two counts of driving under the influence of alcohol.

**¶4** Juvenile moved to dismiss the Petition with prejudice arguing the State had violated Arizona Rule of Procedure for the Juvenile Court Rule 25 by failing to file a timely petition from the first referral within the time frame of Rule 25. Juvenile also noted the State failed to request additional time to file the petition under Rule 25. Objecting, the State argued it was required to dismiss the case without prejudice after the initial submission because it could not meet its burden to show a prima facie case of driving under the influence without the toxicology report, but that it

2

timely resubmitted the case for prosecution after it received the toxicology report.[1]  Moreover, the State argued that Arizona Revised Statutes (A.R.S.) section 13-107 (West 2014)[2] established a one year statute of limitations for prosecuting misdemeanors.  Also the second referral was timely filed, as was the delinquency petition because it was filed within forty-five days under Rule 25.

**¶5**          The juvenile court dismissed the petition with prejudice, finding that the Rules of Juvenile Procedure limited the statute of limitation provisions outlined in A.R.S. § 13-107 and that the State failed to timely file the petition as required by Rule 25.  The State timely appealed.  We have jurisdiction under A.R.S §§ 8-235.A and 12-120.21.A.1, -2101.A (West 2014).

## DISCUSSION

**¶6**          The State argues the juvenile court abused its discretion when it dismissed the December 2, 2013 petition with prejudice.  "We review an order granting a motion to dismiss criminal charges for an abuse of discretion or for the application of an incorrect legal interpretation."  *In re Arnulfo G.*, 205 Ariz. 389, 391, ¶ 7, 71 P.3d 916, 918 (App. 2003) (quoting *State v. Lemming*, 188 Ariz. 459, 460, 937 P.2d 381, 382 (App. 1997)).

**¶7**          This case requires us to interpret the application of Rule 25 and A.R.S. § 13-107 in juvenile proceedings to determine if the State was permitted to file the December 2, 2013 petition.  We review questions of law, including the interpretation of rules and statutes, de novo.  *See In re Amber S.*, 225 Ariz. 364, 367, ¶ 6, 238 P.3d 632, 635 (App. 2010).  We interpret statutes and rules in similar fashion.  *See Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7, 111 P.3d 1027, 1030 (App. 2005).  "Our rules of procedure and statutes should be harmonized whenever possible and read in conjunction with each other."  *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 258, 560 P.2d 441 (App. 1977).  When analyzing the meaning of statutes and rules, we first look to the provision's plain language, and we interpret that language by its ordinary meaning unless it is apparent that a different

---

[1]     While the State suggests it dismissed the case without prejudice after the first referral, it actually declined to file a petition.  Thus, there were no charges to dismiss.

[2]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

meaning is intended. *In re Ubaldo B.*, 206 Ariz. 543, 546, ¶ 10, 81 P.3d 334, 337 (App. 2003).

**¶8** Statutes and rules of limitation typically fall into one of three categories: 1) those requiring an indictment to be filed within a specified time; 2) those requiring the prosecution to commence within a specified time; and 3) those tolling the statute of limitation if an indictment is quashed. *State v. Fogel*, 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (App. 1972). Both § 13-107 and Rule 25 fall into the second classification. We interpret general and specific rules and statutes covering the same subject matter so as to give effect to both if feasible. *State v. Ray*, 209 Ariz. 429, 431, ¶ 5, 104 P.3d 160, 162 (App. 2004).

**¶9** Section 13-107.B.2 requires prosecution of misdemeanors to begin within one year after the State actually discovers the offence or should have discovered the offense with the exercise of reasonable diligence. While Title 13 generally defines criminal offenses, *see* A.R.S. § 13-101.3., the Rules of Procedure for Juvenile Court govern all procedural matters in delinquency proceedings. Ariz. R.P. Juv. Ct. 1.A. The juvenile rules have several time limitations that differ from those in the criminal code. For example, Rule 25.B.2., provides in relevant part:

> If the juvenile is not detained, a petition shall be filed within forty-five (45) days of submission of the referral to the prosecutor. The time for filing a petition is extended for an additional thirty (30) days pending further investigation by the prosecutor. No more than one thirty (30) day extension of time for further investigation shall be allowed except upon order of the court for good cause shown.

**¶10** The State argues that the only time limitation imposed upon it is the one year statute of limitation for prosecuting misdemeanors under A.R.S. § 13-107.B.2. The State also contends that it did not violate Rule 25 because it filed the December 2, 2013 petition forty-one days after the matter was referred the second time.

**¶11** In this case, the State did not violate A.R.S. § 13-107.B.2, because the petition was filed within one year of the offense and thus there was no basis to dismiss the delinquency petition with prejudice. Moreover, pursuant to Rule 25.B.2, the State had forty-five days after the case was referred to complete its investigation and file a petition. Rule 25.B.2 further states that the time for filing a petition may be extended thirty (30) days

pending further investigation.[3] Thus, after receiving the referral on February 13, 2013, the State had seventy-five days to file the petition.

**¶12** The State declined to file charges on April 18, 2013, less than seventy-five days after the initial referral. By timely declining to file charges after the initial referral, the State was not precluded from filing the December 2, 2013 petition after it had received the toxicology report.

## CONCLUSION

**¶13** Because the State declined to file the petition less than seventy-five days after the first referral, pursuant to Rule 25, it was not precluded from filing the December 2, 2013 petition. We therefore remand this matter to the juvenile court to reverse the dismissal of the petition and for further proceedings consistent with this decision.

**H O W E**, Judge, specially concurring:

**¶14** I concur with the majority's decision to remand this matter and reverse the dismissal. However, I reach that same result through different reasoning. To dismiss a case with prejudice pursuant to Rule 25, "the trial court must find that a time limit has been violated and that justice requires dismissal with prejudice." *Matter of Maricopa Cnty. No. JV–114857*, 177 Ariz. 337, 340, 868 P.2d 350, 353 (App. 1993) (addressing the analogous Rule 6.1). Pursuant to Rule 25, "*[p]etitions* shall be filed within the following time limits: . . . [i]f the juvenile is not detained, the petition shall be filed within forty-five (45) days of submission of the referral to the prosecutor." Ariz. R.P. Juv. Ct. 25(B)(2) (emphasis added).

**¶15** Here, Rule 25 did not apply to the first referral because the State declined to take action on it. Rule 25 applied only to the second referral, the one that resulted in the delinquency petition filed on December 2, 2013. That petition was filed within Rule 25's 45-day time limit. Nothing in the statute's language or our case law indicates that the State is limited to acting on one referral. Subsection (B) indicates that Rule 25 only applies when the State files a petition—not when it declines a referral. Because the

---

[3] The rule does not require the State to ask the juvenile court for the additional thirty day extension, and we will not read it into the rule.

State timely filed the December 2 petition under Rule 25, the trial court erred in dismissing the petition with—or without—prejudice.[4]



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[4]   The trial court also erred in dismissing the petition with prejudice. A trial court can dismiss a delinquency petition with prejudice only upon a finding that "justice requires it."  *JV–114857*, 177 Ariz. at 340, 868 P.2d at 353.  The trial court made no such finding.