881 P.2d 712

**STATE of New Mexico, ex rel. CHIL-DREN, YOUTH AND FAMILIES DEPARTMENT IN RE T.C.**

**and**

**D.C., Children and Concerning Wendy T., Respondent.**

**No. 15557.**

Court of Appeals of New Mexico.

July 18, 1994.

Tom Udall, Atty. Gen., Children, Youth & Families Dept., Donna Dagnall, Gen. Counsel, Angela Adams, Chief Children's Court Atty. and Peter Klages, Children's Court Atty., Albuquerque, for Children, Youth and Families Dept.

Susan J. Weeks, Albuquerque, Ad Litem for T.C. and D.C.

Susan E. Simmons, Albuquerque, for Wendy T.

## OPINION

BIVINS, Judge.

The Children, Youth and Families Department (Department) applied for interlocutory appeal from an order denying its motion for summary judgment in a termination of parental rights case. This Court granted the application and proposed to reverse the trial court's order. The guardian ad litem and Mother have timely responded to our proposed reversal. Not persuaded by their arguments, we reverse and remand.

The children in this case have been in the custody of the Department since 1990 and have been adjudicated neglected children. In October of 1993, the Department filed a motion for termination of parental rights pursuant to the procedures set forth in the recodified Children's Code. NMSA 1978, § 32A–4–29 (Repl.Pamp.1993). Mother responded to the motion with a general denial and indicated a desire to contest the motion.

Several months thereafter, the Department filed a motion for summary judgment on the basis that there were no issues of fact regarding the basis for termination of Mother's parental rights. An affidavit from the social worker involved in the case was included with the motion. Neither Mother nor the guardian ad litem responded in writing to the motion for summary judgment. A hearing was held at which the Department presented its position. Mother was present and indicated that she did not agree with the motion, arguing an emotional bond still existed between her and the children. The guardian ad litem was also present and informed the trial court that she agreed with the Department's history regarding Mother, but that her observation of the children indicated that a bond might still remain between them and Mother. The guardian ad litem was unable to make a recommendation to the trial court regarding what would be in the best interest of the children.

Thereafter, the trial court denied the motion for summary judgment. It does not appear that the motion was denied because issues of fact were present but because it was unclear whether practice and procedure allowed for summary judgment in termination cases under the recodified Children's Code. We believe that summary judgment is a procedure which may be used to terminate parental rights where there are no issues of fact underlying the basis for termination.

We have previously decided that the Rules of Civil Procedure apply to proceedings for termination of parental rights. *In re Laurie R.*, 107 N.M. 529, 532, 760 P.2d 1295, 1298 (Ct.App.1988). That case was decided, however, under a previous codification of the Children's Code, where termination of parental rights was initiated by the filing of a petition for termination of parental rights, separate from any abuse or neglect proceeding. *See* NMSA 1978, § 32–1–55 (Repl. Pamp.1989). We held that termination of parental rights proceedings were governed by the Rules of Civil Procedure, because the Children's Court Rules did not expressly state that they governed proceedings for termination of parental rights, and because the statute governing termination referred expressly to the Rules of Civil Procedure.

Under the recodification of the Children's Code, termination of parental rights may be initiated by a motion filed in an abuse or neglect proceeding. *See* § 32A–4–29. Arguably, because the Children's Court Rules govern procedure in abuse and neglect proceedings, termination of parental rights proceedings would be governed by the Children's Court Rules. The rules applicable to abuse and neglect proceedings, however, are limited to proceedings regarding the adjudication of abuse and neglect, the custody of the children so alleged, and the periodic review of custody orders. SCRA 1986, 10–301 through 311. All other matters are outside

**354**

the scope of the rules. Therefore, we hold that termination proceedings, although initiated in an abuse and neglect case, are governed by the Rules of Civil Procedure.

We believe that application of the Rules of Civil Procedure to termination proceedings is necessary to promote the purposes of the Children's Code. If the rules did not apply, there would be no stated procedure as the Children's Court Rules do not provide a procedure. Without rules of procedure for termination of parental rights, the courts would not be able to ensure a fair hearing, with constitutional and other legal rights recognized and enforced. *See* NMSA 1978, § 32A–1–3 (Repl.Pamp.1993). There would be no way to ensure that all proceedings for termination of parental rights, including those brought pursuant to an adoption, would be conducted in the same fashion. Therefore, in order to ensure fairness and certainty in these proceedings, we hold that the Rules of Civil Procedure apply in all proceedings to terminate parental rights.

Because it appears that the trial court's denial of summary judgment was based on an erroneous determination that the termination procedure did not allow for a decision through summary judgment, we remand for a decision on the merits of the motion. The trial court must determine whether issues of fact have been raised by Mother and the guardian ad litem of the children. If no issues of material fact regarding the requirements of termination are present, then summary judgment is proper. If, however, Mother and the guardian ad litem have presented facts that raise issues regarding whether termination is appropriate, then summary judgment is not proper. It is for the trial court to view the pleadings and evidence before it and determine whether issues of material fact exist. Therefore, we reverse the denial of summary judgment and remand for a determination on the merits of the motion.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.