IN RE the INTEREST OF PHILIP W., a Person Under the Age of 18 Years:

WALWORTH COUNTY DEPARTMENT OF HUMAN SERVICES, Petitioner-Respondent,

v.

ELIZABETH W., Respondent-Appellant. [Case No. 94–1157.]

IN RE the INTEREST OF LUANNE W., a Person Under the Age of 18 Years:

WALWORTH COUNTY DEPARTMENT OF HUMAN SERVICES, Petitioner-Respondent,

v.

ELIZABETH W., Respondent-Appellant. [Case No. 94-1158.]

Court of Appeals

*Nos. 94–1157, 94–1158. Submitted on briefs October 17, 1994—Decided November 23, 1994.*

(Also reported in 525 N.W.2d 384.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian Findley*, assistant state public defender; *Evelyn Mazack*, legal counsel, state public defender; and *Jack Schairer*, first assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ruchadina L. Waddell*, assistant corporation counsel.

On behalf of the minors, the cause was submitted on the brief of *Leslie L. Johnson* of Delavan.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. Elizabeth W. appeals from orders of the trial court entered on September 22, 1993, terminating her parental rights, and an order entered on April 18, 1994, denying her postdispositional motion. Because we conclude that summary judgment is inappropriate in involuntary termination of parental rights (TPR) cases, we reverse the trial court's grant of summary judgment.

TPR petitions were filed on July 7, 1993, in the interest of Philip W. and Luanne W. The petitions listed abandonment and continuing need of protection or services as grounds for termination. Elizabeth, the children's mother, did not consent to the termination of her parental rights according to the petitions. The petitions alleged that Philip and Luanne had been placed outside of the parental home since February 12, 1985, and that "the parents failed to visit or communicate with the [children] from December 31, 1989, to July 2,

1990, and again from July 16, 1991, to February 1, 1992."

On August 12, 1993, Walworth County filed motions for summary judgment pursuant to § 802.08, STATS., to terminate Elizabeth's parental rights to Philip and Luanne. The trial court heard the summary judgment motions on August 31, 1993. The court filed orders granting summary judgment on September 13, 1993, stating, among other things, that Elizabeth's "attorney's Affidavit is not based on personal knowledge, and is therefore nonevidentiary and insufficient to defeat a Motion for Summary Judgment; that the letters attached to the attorney's Affidavit are not authenticated and are therefore nonevidentiary and insufficient to defeat a Motion for Summary Judgment." On September 22, 1993, following a dispositional hearing held on September 7, 1993, the court filed orders terminating Elizabeth's parental rights to Philip and Luanne.

On February 24, 1994, Elizabeth filed a postdispositional motion asserting that "involuntary terminations in which the individual contests the need for termination [are] inappropriate for summary judgment." The court issued an order on April 18, 1994, denying Elizabeth's postdispositional motion. Elizabeth appeals to this court from the trial court's orders terminating her parental rights and the order denying her postdispositional motion.

This court ordered the case involving Philip and the case involving Luanne consolidated for purposes of disposition.

■
We must decide whether the summary judgment statute, § 802.08, STATS., may be applied to cases involving the involuntary termination of parental

rights under the Children's Code, ch. 48, STATS. This presents a question of law which we review without deference to the trial court. *See Racine Family Court Comm'r v. M.E.*, 165 Wis. 2d 530, 534, 478 N.W.2d 21, 23 (Ct. App. 1991).

The purpose of § 802.08, STATS., is to determine whether a dispute can be resolved without a trial. *Bulgrin v. Madison Gas & Elec. Co.*, 125 Wis. 2d 405, 407, 373 N.W.2d 47, 49 (Ct. App. 1985). Section 802.08(2) provides in part: "The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Elizabeth argues that "[t]he granting of summary judgment improperly denied [her] the right to contest before a jury that she had not abandoned her children . . .." Her reasoning is twofold. First, she states that parental rights are fundamental rights which cannot be terminated without a hearing. Second, she argues that the court lacked statutory authority to grant summary judgment.

We agree with Elizabeth that summary judgment is inappropriate in TPR cases where a parent contests the termination. Parents have a fundamental liberty interest in matters of family life. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). This interest is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* "[S]tate intervention to terminate the relationship between [a parent] and [the] child must be accomplished by proce-

dures meeting the requisites of the Due Process Clause." *Id.* (quoted source omitted).

■

Due process entitled Elizabeth to a factfinding hearing before her parental rights were terminated. Section 48.422(2), STATS., provides: "If the petition [for the termination of parental rights] is contested the court shall set a date for a fact-finding hearing . . .."[1] This hearing is of critical importance because it assures that the termination of a parent's right to the care, custody and management of his or her child is justified. "[T]he power of the state to terminate the parental relationship is an awesome one, which can only be exercised under proved facts and procedures which assure that the power is justly exercised." *M.W. v. Monroe County Dep't of Human Servs.*, 116 Wis. 2d 432, 436, 342 N.W.2d 410, 412 (1984).

In *Shirley J.C. v. Walworth County*, 172 Wis. 2d 371, 373, 493 N.W.2d 382, 383 (Ct. App. 1992), the issue was whether summary judgment was available for use in § 51.20, STATS., proceedings. The court stated: "[I]n an involuntary commitment, to grant a summary judgment would offend our concepts of due process even when the only evidence presented by the subject of the commitment is a denial of the need for treatment." *Id.* at 379, 493 N.W.2d at 386. Similarly, in an involuntary termination of parental rights case, due process requires that the parent, whose fundamental rights are in jeopardy of being terminated, is granted a

---

[1] According to § 48.31(1), STATS.: " '[F]act-finding hearing' means a hearing to determine if the allegations of a . . . petition to terminate parental rights are proved by clear and convincing evidence." Subsection (2) goes on to state that the hearing shall be to the court unless the child, parent, guardian or legal custodian exercises the right to a jury trial.

factfinding hearing. According to § 48.422(2), STATS., a parent *need only* contest the TPR petition to be entitled to a factfinding hearing. If we were to allow summary judgment, the hearing requirement in § 48.422(2) would be meaningless. *See Shirley J.C.*, 172 Wis. 2d at 378, 493 N.W.2d at 385.

Additionally, summary judgment is inappropriate in a TPR case where a parent contests the termination. Similarly to this court's reasoning in *Shirley J.C.*, a TPR proceeding can never be without material issues of fact if a parent refuses to voluntarily terminate his or her right to the child. *See id.* at 377, 493 N.W.2d at 385. By contesting the termination, a parent automatically raises the issue of whether he or she is a fit parent. This creates a genuine issue of material fact which cannot be disposed of by summary judgment.

The County analogizes *N.Q. v. Milwaukee County Dep't of Social Servs.*, 162 Wis. 2d 607, 470 N.W.2d 1 (Ct. App. 1991), to the present case. In *N.Q.*, the court held that summary judgment was appropriately applied to a CHIPS proceeding. *Id.* at 609-10, 470 N.W.2d at 1. The court reasoned: "Because no section in the Children's Code provides a procedure different from sec. 802.08, Stats., for summary judgment, it is therefore available in CHIPS cases." *Id.* at 612, 470 N.W.2d at 2-3. The court stated: "Clearly, summary judgment, in this factually limited case, is consistent with the statutory procedures set forth in ch. 48." *Id.* at 612, 470 N.W.2d at 3.

Unlike a CHIPS proceeding, where there are yearly extension hearings, termination of parental rights is permanent. This fundamental difference distinguishes a CHIPS case from a TPR proceeding and renders *N.Q.* inapplicable to the present situation. As

the court stated in *Shirley J.C.*: "The CHIPS proceeding did not deprive anyone of liberty; it merely placed the children in protective environments because their mother was unable to provide for them. . . . [T]hat interest did not rise to the level of the liberty interests at stake in an involuntary commitment proceeding." *Shirley J.C.*, 172 Wis. 2d at 379-80, 493 N.W.2d at 386. Similarly, the parental interests at stake in a CHIPS proceeding do not rise to the level of the liberty interests at stake in a TPR case.

The County argues that summary judgment applies to TPR proceedings because "the civil code of procedure controls chapter 48 proceedings unless a specific statute within the chapter requires a different procedure." Because we have concluded that summary judgment is inappropriate in involuntary termination of parental rights cases for constitutional reasons, we need not address this issue.

*By the Court.*—Orders reversed.