775 A.2d 125 (2001)
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
L.H., Defendant-Appellant.
In the Matter of the Guardianship of A.H.
Superior Court of New Jersey, Appellate Division.
Submitted May 8, 2001.
Decided June 11, 2001.
*126 Peter A. Garcia, Acting Public Defender, for appellant (Brian D. Driscoll, Designated Counsel, of counsel and on the brief).
John J. Farmer, Jr., Attorney General, for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel, Margaret Comes, Deputy Attorney General, on the brief).
Peter A. Garcia, Acting Public Defender, attorney for A.H. (Christine Monahan, Assistant Public Defender, on the letter brief).
Before Judges KESTIN, CIANCIA and ALLEY.
The opinion of the court was delivered by KESTIN, J.A.D.
L.H., the birth mother of A.H., appeals from the trial court's orders entering a default against her and declining to vacate the default, and from a judgment terminating her parental rights and granting guardianship over the child to the Division of Youth and Family Services (Division). The judgment also terminated the parental rights of A.H., the father of the child, on the basis of a default that had been entered against him and which he did not challenge.
We remand for a reconsideration of L.H.'s motion to vacate the default in the light of the standards recently articulated in In re Guardianship of A.M.B., 338 N.J.Super. 425, 769 A.2d 1071 (App.Div.2001), and in In re Guardianship of N.J., 340 N.J.Super. 558, 775 A.2d 32 (App.Div.2001), and of the policies upon which those standards are based.
We also remand for a proper hearing as to both parents in any event. Upon determining to proceed on the basis of the defaults, the trial court reached its ultimate decision on the merits without a proof hearing, but instead based upon its review of a certification in lieu of proofs and of exhibits presented by the Division. Moreover, the record before us contains no recitation by the trial judge reviewing the evidence or announcing her findings or applying the standards of N.J.S.A. 30:4C-15.1 and Division of Youth and Fam. Servs. v. A.W., 103 N.J. 591, 512 A.2d 438 (1986). We have only a general, pro forma declaration in the order of guardianship. The procedure employed and its products were not adequate to the end.
*127 As a general rule except where the claim is for a sum certain, see R. 4:43-2(a), after a party defaults, and if the default is not vacated, judgment may be entered by the court following a proof hearing. R. 4:43-2(b). A party against whom an unvacated default exists may not present affirmative proofs in the matter, but may, in the court's discretion, be heard to challenge the proofs offered on behalf of the claimant, including the opportunity to cross-examine. See Pressler, Current N.J. Court Rules, comment 2 on R. 4:43-2 (2001). The opportunity for such involvement is especially critical where the interests at issue are fundamental, as with parental rights. See Santosky v. Kramer, 455 U.S. 745, 753-57, 102 S.Ct. 1388, 1394-97, 71 L.Ed.2d 599, 606-09 (1982); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558-59 (1972); A.W., supra, 103 N.J. at 599, 512 A.2d 438. Surely, the law guardian for the child must have a role in such proceedings.
Thus, it is clear that a parental termination case which proceeds on the basis of a default must be concluded by a plenary proof hearing and not merely via a certification in lieu of proofs. See A.M.B., supra, 338 N.J.Super. at 434-35, 769 A.2d 1071. That is not to say that the evidence in the proof hearing may not be documentary in nature, as appropriate. In that proceeding, however, all parties in interest must be afforded suitable opportunities to participate. Ibid. Furthermore, such a matter may not be concluded without expressed, detailed findings and conclusions based upon the proofs and applicable legal standards designed to promote the best interests of the child or children involved. See N.J.S.A. 30:4C-15.1; A.W., supra. The State's special concern in proceedings of this type, stemming from its parens patriae role and the judiciary's responsibilities in discharging that function, requires no less.
Despite the reference in R. 5:12-1(a) importing some of the procedures governing summary actions, R. 4:67, to proceedings of this type, the provisions of R. 4:67-5 permitting a trial "on the pleadings and affidavits" where there has been a default have no place in a parental termination matter. The issues on parental termination are of such significance as to require more plenary proofs before judgment may be entered.
Therefore, if the trial court determines, with the guidance of A.M.B. and N.J., that the default previously entered should not be vacated, it shall schedule a plenary proof hearing before adjudicating the merits.
The orders of May 11, 2000, and May 26, 2000 are vacated and the matter is remanded for reconsideration.