128 P.3d 773

**KENNETH T., Jr., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY and Maryln T., Appellees.**

**No. 1 CA–JV 05–0039.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 16, 2006.

Terry Goddard, Attorney General By Stacy L. Shuman, Assistant Attorney General, Mesa, Attorneys for Appellee, Arizona Department of Economic Security.

Susan Sherwin, Office of the Legal Advocate By Pamela J. Eaton, Deputy Legal Advocate, Phoenix, Guardian Ad Litem for the Child.

Jeffrey M. Zurbriggen, P.C. By Jeffrey M. Zurbriggen, Tempe, Attorney for Appellant.

**OPINION**

PORTLEY, Judge.

¶ 1 In this opinion, we examine whether the juvenile court can terminate parental rights by granting a motion for summary judgment. We conclude that it can.[1]

---

1. In our separate memorandum decision, filed herewith, we examine whether there is any genuine issue of material fact that precluded the entry of summary judgment. Because Father did not file a controverting affidavit or other facts, we conclude that there was no genuine issue of material fact and affirm the summary judgment terminating the parent-child relationship.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Four months after the child's birth, her father, Kenneth T., was arrested and charged with criminal offenses against his spouse. He eventually pled guilty to kidnapping, and was sentenced to an aggravated seven-year prison sentence.

¶3 During the pendency of the criminal proceedings, the child was found to be dependent. At the permanency hearing, the case plan was changed from reunification to termination and adoption. The Arizona Department of Economic Security ("ADES") filed a motion for summary judgment to terminate the parents' parental rights. It argued that Father's parental rights should be terminated because of the nature of his felony conviction, the length of his sentence and that termination was in the child's best interests. Father responded. He admitted that he received a seven-year sentence, but argued that summary judgment was an inappropriate method to terminate the rights of a parent.

¶4 The juvenile court found that:

There does not appear to be any factual dispute between the parties as to [F]ather's absence and inability to parent due to his incarceration. Although he was given a seven (7) year sentence, it appears that even if successful on his sentencing appeal issue, [F]ather will not have had an opportunity to exercise parental care, control and responsibility ... for the better part of four years.

The court also determined that the "fact that Father disagrees with the placement's stated (and proven to date) ability to meet the needs of this child does not in and of itself raise the level of a genuine factual dispute that survives the need for permanency for this child." It then found that the child's best interests would be served by termination because of "mother's rights [having been] already terminated and Father's inability to parent due to his incarceration[.]" Consequently, the court terminated Father's parental rights based only on his length of sentence.

¶5 Father was allowed to file a delayed notice of appeal,[2] and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 12–2101(B) (2003).

## DISCUSSION

¶6 Father contends that parental rights cannot be terminated by summary judgment. He argues that A.R.S. § 8–537(A) (Supp.2005)[3] prohibits termination by any process other than a trial if a parent contests termination. He also argues that other jurisdictions prohibit the use of summary judgment in termination cases. We review the issue de novo because it involves the statutory interpretation of A.R.S. § 8–537(A). *State v. Kelly,* 210 Ariz. 460, 461, ¶3, 112 P.3d 682, 683 (App.2005).

¶7 To determine whether a motion for summary judgment can be used to terminate parental rights, where appropriate, requires an examination of A.R.S. § 8–537(A) and Arizona Rules of Procedure for the Juvenile Court 36 and 46(D). The statute, A.R.S. § 8–537(A), states: "If a petition for terminating the parent-child relationship is contested, the court shall hold a termination adjudication hearing." Rule 36 provides that the procedural rules "govern procedures in all dependency, termination of parental rights and Title 8 guardianship cases." Rule 46(D) states that "[a] motion for summary judgment shall conform to the requirements set forth in Rule 56, Ariz. R. Civ. P., except that the motion shall be filed not less than thirty (30) days prior to trial or within the time frames set forth by the court."

¶8 Father contends that A.R.S. § 8–537(A) does not authorize termination by summary judgment. We review the statute and rules, and if "there is an apparent conflict between a rule and a statute, the rule and statute are harmonized if possible." *Johnson v. Elson,* 192 Ariz. 486, 488, ¶8 n. 4, 967 P.2d 1022, 1024 n. 4 (App.1998) (citations omitted). Moreover, the rule and statute

---

2. The mother had her rights terminated by default. She is not a party to this appeal.

3. We cite the current version of statutes to which no pertinent changes have been made.

should be "read in conjunction with each other." *State ex rel. McDougall v. Superior Court (West)*, 173 Ariz. 385, 386, 843 P.2d 1277, 1278 (App.1992) (quoting *Phoenix of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1997)).

¶ 9 Although the statute provides that a contested termination case requires an adjudication hearing, the legislature did not preclude the use of summary judgment to resolve the matter, if appropriate. The legislature, in fact, has provided that a termination could be resolved procedurally by default. A.R.S. § 8–537(C) (Supp.2005) ("If a parent does not appear at the pretrial conference, status conference or termination adjudication hearing, the court ... may find that the parent has ... admitted the allegations of the petition by the failure to appear.").

¶ 10 Moreover, the procedure to resolve a substantive issue is a procedural matter. *See Aranda v. Indus. Comm'n*, 198 Ariz. 467, 470, ¶ 12, 11 P.3d 1006, 1009 (2000) ("[P]rocedural law relates to the manner and means by which a right to recover is enforced or provides no more than the method by which to proceed."); *Pompa v. Superior Court*, 187 Ariz. 531, 534, 931 P.2d 431, 434 (App.1997) (procedural law describes the practice, method or procedure to enforce substantive law). For example, whether the case is resolved by default, a motion to dismiss, motion for summary judgment, or by trial, is a question of procedure. The resolution of the substantive issue [4]—finding the requisite statutory elements by clear and convincing evidence and best interests by a preponderance of the evidence—remains, regardless of the procedure.

¶ 11 Although the statute requires a termination adjudication hearing, a contested trial is not the sole method to resolve the issue. If a party files a motion for summary judgment or partial summary judgment, the juvenile court has to resolve the matter under the well-tested summary judgment rules and case law. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990). If there are no genuine issues of material fact, summary judgment may be appropriate. If, however, there are genuine issues of material fact, summary judgment is inappropriate and the matter has to be resolved by the trier-of-fact by a termination adjudication hearing.[5] *See Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, 456, ¶¶ 14, 23, 123 P.3d 186, 189, 192 (App.2005) ("ADES was not entitled to summary judgment because material issues of fact could not be resolved without credibility determinations and weighing of evidence. ..."). Thus, the statutory requirement for an adjudication hearing does not preclude resolving, where appropriate, dependency and termination issues or cases by summary judgment.

¶ 12 Summary judgment, moreover, supports a provision of the Adoption and Safe Families Act of 1997, (ASFA) Pub.L. No. 105–89, 111 Stat. 2115 (1997), which amended subchapter IV parts B and E of the Social Security Act, *see* 42 U.S.C.A. §§ 673(b), 678, and 679(b) (2003), and requires "an expedited process to find ... children [in temporary placements] permanent homes." *Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 514, ¶ 5, 1 P.3d 155, 157 (App.2000) (quoting *In re Lilley*, 719 A.2d 327, 334 n. 5 (Pa.Super.Ct.1998)). Arizona adopted that goal when the child welfare law was modified to comply with the ASFA requirement to secure permanent placement of children in foster care within twelve months of their placement. *Id.;* A.R.S. § 8–862(A)(2) (Supp. 2005). Thus, summary judgment, if used in the appropriate case, supports the primary purpose of ASFA, as adopted in Arizona, to expedite finding permanent placement for children.

¶ 13 Father cites cases from other jurisdictions to bolster his argument that courts disapprove of summary judgment. *See N.J.*

---

4. Substantive law is generally defined as "law [that] creates, defines and regulates rights." *Allen v. Fisher*, 118 Ariz. 95, 96, 574 P.2d 1314, 1315 (App.1977).

5. In *Orme School*, our supreme court stated that the purpose of summary judgment "is not to cut

litigants off from their right of trial by jury if they really have evidence which they will offer ... [at] trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." 166 Ariz. at 305, 802 P.2d at 1004 (emphasis omitted).

*Div. of Youth & Family Servs. v. L.H.*, 340 N.J.Super. 617, 775 A.2d 125, 127 (Ct.App. Div.2001); *see also In re Christina T.*, 590 P.2d 189, 191 (Okla.1979).[6] Those cases, however, are inapposite and distinguishable.

¶ 14 In *New Jersey Division of Youth and Family Services v. T.J.B.*, 338 N.J.Super. 425, 769 A.2d 1071 (Ct.App.Div.2001), the trial court, without statutory or other notice to the parents, defaulted them for failing to attend one hearing and later rejected their reasons for missing the hearing. *Id.* at 1074–75. The appellate court found that the trial court had abused its discretion by "refusing to set aside the default . . .; in entering default judgment based on this record; and in refusing to vacate the judgment." *Id.* at 1076. It then stated that "[w]e simply hold that proper procedures must be followed, including the use of a more appropriate form of order, before we will affirm a termination order entered by default." *Id.* at 1077. Summary judgment was not involved.

¶ 15 Similarly, a motion for summary judgment had not been filed in *New Jersey Division of Youth and Family Services v. L.H.*, 340 N.J.Super. 617, 775 A.2d 125. It, too, was a default case, and the appellate court remanded the case in light of *T.J.B. Id.* at 126. It also found that the trial judge had terminated parental rights without a proof hearing, and without making detailed findings and conclusions or applying the applicable legal standards. *Id.* As a result it stated that "[w]e have only a general, *pro forma* declaration in the order of guardianship. The procedure employed and its products were not adequate to the end." *Id.*

¶ 16 The court, however, recognized that a trial might not be necessary, and that a plenary proof hearing could be used to resolve the facts. It continued, and stated:

> That is not to say that the evidence in the proof hearing may not be documentary in nature, as appropriate. In that proceed-

ing, however, all parties in interest must be afforded suitable opportunities to participate. Furthermore, such a matter may not be concluded without expressed, detailed findings and conclusions based upon the proofs and applicable legal standards designed to promote the best interests of the child or children involved.

*Id.* at 127 (citations omitted). Consequently, the court recognized that if there was a proceeding where documentary evidence was presented, where the parties participated, and where the court made its required findings of fact and conclusions of law under the applicable legal standards, a termination could occur.

¶ 17 Contrary to Father's assertions, a growing number of courts have found that, where the rules of civil procedure allow, summary judgment is an appropriate procedural process in parental termination cases. For example, in *In the Interest of SVG*, 826 P.2d 237 (Wyo.1992), the trial court granted the agency's summary judgment motion and terminated mother's rights on the grounds of abandonment. On appeal, the Wyoming Supreme Court recognized that summary judgment may be appropriate. *Id.* at 244. Although it found that mother's affidavit raised genuine issues of material fact about whether mother had abandoned the child or been excluded from the child, it recognized that summary judgment may be appropriate in the narrow range of parental rights termination cases in which all the historical facts are uncontroverted. *Id.*

¶ 18 New Mexico examined the issue in *State ex rel. Children, Youth and Families Department In re T.C.*, 118 N.M. 352, 881 P.2d 712 (Ct.App.1994). There, the agency filed a motion for summary judgment with an attached affidavit. *Id.* at 713. The mother did not respond, but argued at the hearing that she still had a bond with her children. *Id.* The trial court denied the summary judg-

---

6. In *In re Christina T.* the Oklahoma Supreme Court ruled, based on Oklahoma statutes and case law, that summary judgment may not be applied to juvenile proceedings. 590 P.2d at 191. Because Oklahoma's statutes differ from Arizona's, this ruling is inapplicable.

Father also cites *In re Interest of Philip W.*, 189 Wis.2d 432, 525 N.W.2d 384 (Ct.App.1994). The Wisconsin Supreme Court overruled that decision in *In re Termination of Parental Rights to Alexander V.*, 271 Wis.2d 1, 678 N.W.2d 856 (2004). We discuss *Alexander V.* in paragraphs twenty-two and twenty-three of this opinion.

ment motion because it was unsure if the summary judgment procedure could be used in termination cases. *Id.* On appeal, the appellate court found that the rules of civil procedure were applicable to termination cases and stated that "summary judgment is a procedure which may be used to terminate parental rights where there are no issues of fact underlying the basis for termination." *Id.* It reversed the denial of the motion, and directed the trial court to determine whether there were any genuine issues of material fact to preclude entry of summary judgment. *Id.* at 714.

¶ 19 Colorado addressed the issue in *People in the Interest of A.E.*, 914 P.2d 534 (Colo.Ct.App.1996). There, the agency filed its motion for summary judgment less than three weeks before the termination hearing, and later supplemented the motion. *Id.* at 536–37. Mother filed a one-page response but did not attach any affidavits. *Id.* at 537. On the day of trial, the motion was argued and granted even though mother was precluded from testifying. *Id.*

¶ 20 On appeal, the court examined whether summary judgment was appropriate and whether due process was violated. *Id.* The appellate court first found that the rules of procedure were applicable to termination cases. *Id.* It then found that due process was satisfied

> if the respondent has an opportunity to appear through counsel and is given an opportunity to present evidence and cross-examine witnesses.... However, because a proceeding for termination of the parent-child legal relationship is civil, neither due process nor other constitutional guarantees confer upon a respondent a right of confrontation or require the respondent's presence at the termination hearing.

*Id.* at 538. It stated "we perceive no per se due process bar to the use of summary judgment procedures in termination cases. However, summary judgment is a drastic remedy and should be granted only when there are no genuine issues as to any material fact." *Id.*

¶ 21 The court then reversed the termination. It found that the order could not stand because the trial court had not applied the clear and convincing standard. *Id.* at 539. Moreover, it found that the trial court should not have allowed the untimely motion and the filing of supplemental affidavits to continue, and that such error "should be characterized as fundamental or one causing a miscarriage of justice." *Id.*

¶ 22 The Wisconsin Supreme Court examined the issue in *In re Termination of Parental Rights to Alexander V.*, 271 Wis.2d 1, 678 N.W.2d 856 (2004). There, the guardian ad litem successfully filed a motion for partial summary judgment on the issue of the mother's unfitness to parent the child. *Id.* at 858. After the court of appeals found the use of summary judgment was harmless error, *id.*, the supreme court found that "[n]either due process nor the [termination] statutes require an absolute prohibition on summary judgment in the grounds or unfitness phase of a [termination] proceeding. That a parent has contested the termination ... does not automatically mean there are material facts in dispute regarding the grounds for unfitness." *Id.* at 864. After noting that termination cases are civil proceedings, it found no prohibition in its statutory framework to preclude the use of summary judgment. *Id.*

> ¶ 23 Summary judgment is a legal conclusion by the court, and, if carefully administered with due regard for the importance of the rights at stake and the applicable legal standards, is just as appropriate in the unfitness phase of a [termination] case where the facts are undisputed as it is in any other type of civil action or proceeding ....

*Id.* at 865. As a result, the court affirmed the grant of partial summary judgment. *Id.* at 871.

¶ 24 Based on the fact that Rule 46(D) specifically provides that motions for summary judgment can be filed in dependency and parental termination cases, and based on the decisions of courts that have examined the specific issue, we find no prohibition to resolving, where appropriate, parental termination cases by summary judgment.

## CONCLUSION

¶ 25 For the foregoing reasons and for those set forth in the accompanying memorandum decision, the judgment of the juvenile court is affirmed.

CONCURRING: PATRICK IRVINE, Presiding Judge, and SHELDON H. WEISBERG, Judge.

