IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 21 2006

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| MARGARET H., | ) | |
| | ) | 2 CA-JV 2005-0087 |
| Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ARIZONA DEPARTMENT OF | ) | |
| ECONOMIC SECURITY | ) | |
| and DASANEE H., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |


APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. JD04000050

Honorable Ann R. Littrell, Judge

REVERSED

---

DiCampli & Elsberry
 By Anne Elsberry
Tucson
Attorneys for Appellant
Margaret H.

Terry Goddard, Arizona Attorney General
 By William V. Hornung
Tucson
Attorneys for Appellee Arizona
Department of Economic Security

---

B R A M M E R, Judge.

¶1        In this appeal, appellant Margaret H. challenges the juvenile court's November 2005 order granting the motion for summary judgment filed by appellee the Arizona Department of Economic Security (ADES) and terminating her parental rights to Dasanee H.  The court terminated Margaret's parental rights pursuant to A.R.S. § 8-533(B)(3) (parent's mental illness or substance abuse) and § 8-533(B)(8)(a) (child's nine-month out-of-home placement).  Because we find there were questions of fact precluding the entry of summary judgment on either ground, we reverse.

¶2        The issues raised in a parental-rights termination proceeding may be resolved by summary judgment rather than a "termination adjudication hearing." *Kenneth T. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 150, ¶ 11, 128 P.3d 773, 775 (App. 2006); *see also* Ariz. R. P. Juv. Ct. 46(D), 17B A.R.S.; Ariz. R. Civ. P. 56, 16 A.R.S., Pt. 2.  But the juvenile court must resolve a motion for summary judgment "under the well-tested summary judgment rules and case law." *Kenneth T.*, 212 Ariz. 150, ¶ 11, 128 P.3d at 775.  Thus,

> although the trial judge must evaluate the evidence to some extent in ruling on a motion for summary judgment . . . [the] motion should [only] be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.

*Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).  If there is more than a scintilla of evidence creating a dispute as to a material issue of fact, then summary judgment should not be granted.  *Id.*

2

¶3 In evaluating the propriety of the trial court's ruling, the evidence of the non-moving party must be believed, and all justifiable inferences must be drawn in favor of that party. *Id*. at 309-10, 802 P.2d at 1008-09. As this court stated in *Jennifer G. v. Arizona Department of Economic Security*, 211 Ariz. 450, ¶ 23, 123 P.3d 186, 192 (App. 2005), ADES was "not entitled to summary judgment . . . [if] material issues of fact could not be resolved without credibility determinations and weighing of evidence." We review *de novo* the juvenile court's order granting ADES's motion for summary judgment and apply "the same standards the [juvenile] court should use." *Id*. ¶ 14.

¶4 Of the eighteen statements of fact ADES offered in support of its motion for summary judgment, Margaret contends she disputed six in the affidavit she attached to her response to the motion for summary judgment. She claims her affidavit and letters from her landlady and the Cochise County Adult Probation LEARN Lab created questions of fact precluding summary judgment. Relying primarily on *Jennifer G.*, she also asserts the juvenile court necessarily weighed the evidence, and she cites portions of the transcript from the hearing on ADES's motion to support that contention. Margaret maintains the juvenile court improperly "assumed that [her] affidavit and statements of the facts were insufficient or untrustworthy when compared with the statements of the State and its witnesses." She asserts the court engaged in fact-finding with respect to her efforts at rehabilitation and the propriety of the services ADES had offered her, and she claims there were questions of fact sufficient to withstand summary judgment on both issues. Despite the abundance of

3

evidence supporting ADES's motion, we conclude—given the nature of the grounds for severing her parental rights and the statements in her affidavit—there was sufficient evidence to create material issues of fact precluding summary judgment.

¶5        Dasanee and her brother, Manuel H.,[1] were removed from the home shortly after Dasanee was born on June 25, 2004. In August 2004, the children were adjudicated dependent as to both of their parents after Margaret and her husband, also Manuel H., admitted the dependency petition filed in July 2004. Margaret admitted she was "unable to parent as evidenced by her substance abuse"; that Dasanee had tested positive for methamphetamine at birth; and that Dasanee had "suffered from withdrawal symptoms including high irritability and feeding problems[,] which required hospitalization from birth to June 30, 2004." Margaret also admitted an extensive history of substance use, including recent methamphetamine use, and acknowledged using [illegal] substances while she was caring for Manuel. These facts, therefore, were undisputed.

¶6        The children were returned to their parents in August 2004 but were removed again in March 2005 in light of allegations that Margaret, who was then living with a boyfriend, was again abusing drugs. After dependency review hearings in January 2005 and April 2005, the juvenile court found ADES was "providing services necessary to accomplish the case plan" of reunification. The court also found the children continued to be dependent.

_____

[1]Manuel is not the subject of this appeal, as ADES did not seek to terminate Margaret's rights to him. Apparently, the case plan goal for him is reunification with his father.

Because Margaret did not challenge this finding, it is undisputed, albeit in the context of the dependency proceeding, in which the standard of proof is by a preponderance of the evidence. *In re Pima County Juvenile Action No. 118537*, 185 Ariz. 77, 79, 912 P.2d 1306, 1308 (App. 1994).

¶7 After a dependency review/permanency hearing in June 2005, the juvenile court found ADES was "making reasonable efforts to accomplish the case plan" of reunification; that, as to the child Manuel, the case plan of reunification with his father was "proper and appropriate"; that the case plan for Dasanee was severance and adoption; and that Margaret's husband, Manuel H., who did not believe he was Dasanee's biological father, was willing to relinquish any rights he had and thereby had abandoned her.[2] Thereafter, ADES filed a motion to terminate both parents' rights to Dasanee. ADES alleged, *inter alia*, that Dasanee had been cared for in an out-of-home placement under court order for a cumulative period of nine months or longer; the parents had substantially neglected or wilfully refused to remedy the circumstances that had caused her to be out of the home; Margaret was unable to discharge her parental responsibilities as a result of mental illness, mental deficiency, and/or a history of chronic abuse of drugs or alcohol; and there were reasonable grounds to believe the condition would continue for a prolonged indeterminate period. *See* § 8-533(B)(3) and (B)(8)(a).

---

[2]Although the court later permitted ADES to amend the motion to include Margaret's boyfriend, Carlo C., the putative father of Dasanee, he was dismissed at a dependency review hearing in September 2005 after paternity testing established he was not the father.

¶8     We agree with ADES that, based on the undisputed facts previously discussed, the affidavit and report of Dr. Phillip Balch, and the affidavit and reports of Child Protective Services caseworker Alma Estrada, the evidence established Margaret had a chronic substance abuse problem involving methamphetamine and had complied only sporadically with the case plan for reunification. Margaret admitted to Balch she had started to use methamphetamine at the age of fourteen, had stopped between 1999 and 2002, but had been using it again daily for some time, causing Desanee to be born methamphetamine-addicted. But, for the reasons discussed below, we agree with Margaret that there remained disputed factual issues that only the trier of fact could resolve. Those questions include whether ADES had "made a diligent effort to provide appropriate reunification services," § 8-533(B) and (C), and whether Margaret had "substantially neglected or wilfully refused to remedy the circumstances" that caused Dasanee to remain out of the home pursuant to a court order. § 8-533(B)(8)(a). The former question had to be resolved before Margaret's rights could be terminated under either § 8-533(B)(8)(a) or (B)(3). *See Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, ¶¶ 31-34, 971 P.2d 1046, 1052-53 (App. 1999). Additionally, there remained fact questions about whether "there [were] reasonable grounds to believe that [Margaret's drug addiction] . . . [would] continue for a prolonged indeterminate period," justifying termination of her rights under § 8-533(B)(3).

¶9     We agree with ADES the record showed Margaret had avoided drug testing on some of the required days and had tested positive for methamphetamine on November 30,

6

2004, and on March 30, March 31, and August 25, 2005. She had also tested positive for marijuana on August 9, August 15, August 16, and August 17, 2005. And, as we have noted, the undisputed evidence established that Margaret's substance abuse problem was chronic and long-term. We agree, too, that Margaret's carte blanche disagreement with Balch's evaluation did not effectively negate his expert testimony, because she is not an expert and his expertise was well-established.

¶10     We are cognizant that Margaret could not "defeat [ADES's] motion for summary judgment based solely on the unsupported contention that a dispute exist[ed]." *Brown Wholesale Elec. Co. v. Safeco Ins. Co. of Am.*, 135 Ariz. 154, 158, 659 P.2d 1299, 1303 (App. 1982). Nor is a party's conclusory affidavit usually enough to defeat a motion for summary judgment. *See McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993) ("Self-serving assertions without factual support in the record will not defeat a motion for summary judgment."). But the peculiarly factual nature of the statutory grounds for severance alleged here, § 8-533(B)(3) and(B)(8), makes parents themselves uniquely able to refute some essential elements of those grounds. To the extent Margaret's state of mind and anticipated conduct were at issue, Margaret raised factual issues by her own affidavit. *See Mid-Century Ins. Co. v. Duzykowski*, 131 Ariz. 428, 429, 641 P.2d 1272, 1273 (1982) (if party's state of mind or intent is a material issue, summary judgment "normally" improper); *Lucchesi v. Frederic N. Stimmel, M.D., Ltd.*, 149 Ariz. 76, 80, 716 P.2d 1013, 1017 (1986) (same).

7

**¶11** The caseworker stated in her affidavit that she had repeatedly offered Margaret residential substance abuse treatment. But Margaret disputed this, denying Balch had recommended in-patient treatment. She insisted that "[i]npatient treatment was never discussed and was only suggested after I had discussed it as an option to recovery." Given the well-established severity of her substance abuse problem, this disputed issue was material.

**¶12** Additionally, Margaret denied she had "stopped complying with services," as ADES alleged in its statement of facts. Instead, Margaret insisted, she merely had been "inconsistent and missed scheduled tests and groups due to over calendaring and a busy schedule to meet all [her] requirements and scheduled appointments." In light of this assertion, it was for the jury to determine the degree to which Margaret had failed to comply with the case plan and whether that failure had been the result of substantial neglect or wilful refusal. *See* § 8-533(B)(8)(a).

**¶13** Similarly, Margaret disputed ADES's allegation that she had not attended substance abuse group therapy on a regular basis, insisting that she "only missed groups when absolutely necessary." In disputing that termination of her rights was in Dasanee's best interests, Margaret stated in her affidavit signed in October 2005, "I have shown improvement in working with my addi[c]tion, and have not used methamphetamine[] since August 2005, and am complying with services. I am working on being more consistent in my compliance. I am also diligently working to obtain my GED so that I can pursue classes

8

and a degree at Cochise College." This assertion also created a factual dispute as to whether she had acted neglectfully or wilfully for purposes of § 8-533(B)(8)(a) and whether "there [were] reasonable grounds to believe that [Margaret's drug addiction] . . . [would] continue for a prolonged indeterminate period." § 8-533(B)(3).

**¶14** Relying on *In re Maricopa County Juvenile Action No. JS-501568*, 177 Ariz. 571, 577, 869 P.2d. 1224, 1230 (App. 1994), ADES asserts in its answering brief that Margaret's response to the motion for summary judgment demonstrated only that her efforts to remain drug-free were "too little and too late." But such an assessment clearly involves the weighing of evidence in a qualitative manner, not the limited, quantitative assessment permitted by *Orme School*. 166 Ariz. at 309, 802 P.2d at 1008. As we stated in *Jennifer G.*, "[s]ummary judgment is not appropriate when a trial judge must 'pass on the credibility of witnesses with differing versions of material facts,' 'weigh the quality of documentary or other evidence,' or 'choose among competing or conflicting inferences.'" 211 Ariz. 450, ¶ 14, 123 P.3d at 189, *quoting Orme Sch.*, 166 Ariz. at 311, 802 P.2d at 1010. We agree with Margaret that, as in *Jennifer G.*, the juvenile court here engaged in the kind of fact-finding that is not appropriate on summary judgment. Indeed, as Margaret points out, the court's comments at the end of the hearing on the motion reflect that the court did ultimately weigh the evidence and, to some degree, assessed Margaret's credibility against that of ADES's witnesses.

9

¶15        In conclusion, we find little to distinguish this case from *Jennifer G.* in terms of the quantum of evidence we found sufficient there to defeat ADES's motion for summary judgment and the improper weighing of evidence. Therefore, as we did there, we reverse the juvenile court's order granting ADES's motion and terminating Margaret's parental rights to Dasanee. We remand the case for further proceedings consistent with this decision.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


E S P I N O S A, Judge, dissenting.

¶16        Although this is a close case, I would come down on the side of upholding the juvenile court's grant of summary judgment. I respectfully disagree with the majority's conclusion that Margaret has established, either below or on appeal, any genuine issues of material fact to preclude the severance of her rights based on chronic substance abuse under § 8-533(B)(3). And, there was sufficient unrefuted evidence before the juvenile court to justify its ruling. The court did not, in my view, engage in fact-finding, weigh the evidence, or determine the credibility of witnesses. It had no need to in view of the merely conclusory

10

and self-serving statements submitted in Margaret's affidavit. *See McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993) ("Self-serving assertions without factual support in the record will not defeat a motion for summary judgment."). Based on the undisputed facts acknowledged by the majority, as well as the affidavit and report of Dr. Phillip Balch, and the affidavit of CPS caseworker Alma Estrada and reports she attached, ADES presented clear, convincing, and, most importantly, unrefuted evidence that severance of Margaret's rights was justified pursuant to § 8-533(B)(3), and it established by a preponderance of the evidence that severance was in Dasanee's best interests. Given all the undisputed evidence that Margaret's drug addiction was chronic and long term, no reasonable jury could decide the case differently. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). Because the entry of summary judgment was proper on the ground of substance abuse, that is sufficient to uphold the juvenile court's ruling. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, ¶ 27, 995 P.2d 682, 687 (2000). Accordingly, I would affirm the court's judgment.

_____
PHILIP G. ESPINOSA, Judge